# IN THE COURT OF APPEALS OF IOWA

No. 13-1831
Filed August 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ISAIAH HENDERSON,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, John D. Telleen (plea) and Mark J. Smith (sentencing), Judges.

Isaiah Henderson appeals from the sentence imposed upon his plea of guilty to interference with official acts with a weapon. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Michael J. Walton, County Attorney, and Dion Trowers, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Isaiah Henderson appeals from the sentence imposed following his guilty plea for interference with official acts with a weapon, in violation of Iowa Code sections 902.3 and 902.9 (2013). We affirm, finding the district court did not abuse its discretion in imposing the sentence.

**I. Background Facts and Proceedings.**

Isaiah Henderson entered a plea of guilty to interference with official acts with a weapon, in violation of Iowa Code sections 902.3 and 902.9. At sentencing, he argued that his "relatively colorful criminal history" appeared to be the product of "untreated and unmedicated mental health issues." Henderson asked the court to impose "something less than a five-year prison sentence."

The sentencing court noted Henderson had a criminal history going back to 2004, as well as a separate, recent incident of interference with official acts with bodily injury and assault on police officers. The court considered Henderson's mental health issues, commenting that he was diagnosed with "possible bipolar disorder" and antisocial personality disorder but that the mental health evaluation concluded his claimed symptoms of anxiety and agoraphobia were minimal. The court imposed a prison term not to exceed five years.

Henderson appeals, contending his sentence should be vacated and the case remanded for resentencing of less than five years because of his mental health.

**II. Scope and Standard of Review.**

We review a district court's sentencing decisions for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). "When a

sentence is not mandatory, the district court must exercise its discretion in determining what sentence to impose." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). No abuse of discretion is found unless the court "exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999).

**III. Discussion.**

The court considered Henderson's claimed mental health issues, his past and recent criminal history, and the presentence investigation report, which includes the following recommendation:

> The defendant represents a high risk of reoffending. Given the nature of his instant offense, his prior criminal history, and his history of mental health problems, he is seen as a threat to the community. His assaultive history and inability to maintain employment precludes him from placement at the Davenport Residential Corrections Facility. Incarceration is recommended. The resources of the Iowa Department of Corrections will be utilized.

The sentence imposed is within that authorized by statute, and the court considered no impermissible factor. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."). We find no abuse of discretion.

**AFFIRMED.**