**STATE of Iowa, Appellee,**

v.

**Hubert Gene EVANS, Appellant.**

No. 01–1834.

Supreme Court of Iowa.

Oct. 8, 2003.

Rehearing Denied Dec. 12, 2003.

Dennis A. Bjorklund of Bjorklund Law Firm, LLC, Coralville, and Gary K. Koos, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, William E. Davis, County Attorney, and Robert C. Bradfield, Assistant County Attorney, for appellee.

CARTER, Justice.

The defendant, Hubert Evans, appeals from his conviction and sentence resulting from a jury verdict finding him guilty of harassment in violation of Iowa Code section 708.7(1)(b) (2001). He contends there is insufficient evidence to support the conviction, it violates his First Amendment rights to free speech, his sentence is unreasonable, and he suffered from ineffective assistance of counsel. The court of appeals affirmed defendant's conviction and sentence. After reviewing the record and considering the arguments presented, we affirm the decision of the court of appeals and the judgment of the district court.

The evidence, as viewed most favorably toward the State, reveals the following facts. On May 9, 2001, defendant approached a woman in a Wal–Mart Store parking lot. She was returning to her vehicle after returning her cart to the cart bay. Defendant, who was standing on the driver's side of her car, spoke to her and said that he believed his girlfriend would like a pair of shoes like the ones she was wearing. He inquired where she had purchased the shoes. The woman told him the name of the store and also the brand of the shoes. Defendant then asked the woman if he could see the shoe.

The woman removed her foot from one of the shoes, and defendant knelt down to examine it. At this time, he attempted to take hold of her foot. The woman pulled her foot away, slipped it into her shoe, and quickly entered her vehicle. Defendant commented that her feet were beautiful and that he just wanted to look at them. As defendant was driving away in his automobile, the woman wrote down his license number. He later pulled up next to her and smiled and waved. The woman later reported the incident to the police.

Defendant was charged with harassment and convicted by a jury. He was sentenced to an indeterminate term not to exceed two years, which was to run consecutively with an earlier harassment sentence.

### I. *Sufficiency of the Evidence.*

Defendant argues that, in order to be guilty of harassment, one must have "the intent to threaten, intimidate, or alarm" the subject of the alleged harassment. This argument correctly states the intent element set forth in the statute defining the offense. It provides as follows:

> A person commits harassment when the person, purposefully and without legitimate purpose, has personal contact with another person, with the intent to threaten, intimidate, or alarm that other person. As used in this section, unless the context otherwise requires, *"personal contact"* means an encounter in which two or more people are in visual or physical proximity to each other. *"Personal contact"* does not require a physical touching or oral communication, although it may include these types of contacts.

Iowa Code § 708.7(1)(b).

Although defendant concedes that physical touching is not an element of the offense, he maintains that the evidence does not support an intent to threaten, intimidate, or alarm the subject of the contact.

Threatening, intimidating, or alarming the subject of the contact would, defendant urges, have defeated his purpose in seeking to examine the woman's feet. Defendant maintains he has a specific interest in women's feet and is a published photographer of female feet.

■ Although the circumstances on which defendant relies might suggest the absence of the requisite intent, we are satisfied that a jury could find otherwise. Intent is a matter that is seldom capable of direct proof. Consequently, we have recognized that a trier of fact may infer intent from the normal consequences of one's actions. *State v. Chang*, 587 N.W.2d 459, 462 (Iowa 1998); *State v. Farnum*, 554 N.W.2d 716, 720 (Iowa Ct.App.1996). It should not have been unexpected on defendant's part that his conduct would alarm the subject of his contact. This would be a normal reaction from a female subject encouraged to display her feet under the circumstances presented here. That is particularly true when an attempt is made to touch her feet. Based on these considerations, we are satisfied that the evidence was sufficient to permit a reasonable jury to find that defendant acted with the intent necessary to constitute harassment under the statute.

## II. *The First Amendment Free Speech Argument.*

■ Defendant urges that, because he was a published photographer of women's feet, this criminal prosecution violates his First Amendment rights. We reject this claim. Assuming that there is a First Amendment right to publish photographs of women's feet, that does not include a right to accomplish that objective in a manner that is intended to threaten, intimidate, or alarm the subject.

■ In *State v. Fratzke*, 446 N.W.2d 781, 783 (Iowa 1989), we held that First Amendment considerations raised with respect to subsection (1)(a) of this statute were obviated because of the requirement that the communication be "without legitimate purpose." A similar requirement exists with respect to the contact that is criminalized under subsection (1)(b) of the statute. Because there must be a specific intent to threaten, intimidate, or alarm, the only legitimate purpose that will avoid the criminal status conferred by the statute would be a legitimate purpose to threaten, intimidate, or alarm. There is no claim that such purpose existed in the present case.

## III. *The Claim of Unreasonable Sentence.*

■ Appellate review of the district court's sentencing decision is for an abuse of discretion. *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999). An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.* A court considers all pertinent matters in determining a sentence including the nature of the offense, the attending circumstances, defendant's age, character, propensities, and chances of his reform. *Id.*

Defendant argues that, because the district court ordered his sentence to be consecutive to three other convictions, his sentence amounted to a total of ten years and is unreasonable. The State did not address this argument on appeal.

■ Iowa Rule of Criminal Procedure 2.23(3)(*d*) requires a sentencing judge to state the reasons for a particular sentence on the record. Although the reasons do not need to be detailed, they must be sufficient to allow appellate review of the discretionary action. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). The

sentencing judge must also give reasons for imposing consecutive sentences. *Id.*

In this matter, the sentencing judge gave several reasons for selecting the sentence that was imposed. These reasons included defendant's criminal history, consisting of incarcerations in two other states and in Iowa three or four times; defendant's past acts of harassment and indecent exposure, which suggested he was a threat to the women in the community; and the sentencing judge's belief that concurrent sentences would not provide maximum rehabilitation. It would appear that the sentencing judge gave sufficient reasons for imposing a period of incarceration and further gave sufficient reasons for ordering consecutive sentences. Defendant's challenge to the sentence imposed is rejected.

### IV. *Alleged Ineffective Assistance of Counsel.*

Defendant's ineffective-assistance-of-counsel claim is primarily premised on a failure to make an argument for protected speech under the First Amendment. Because we have considered that claim and rejected it on the merits, this may not be a basis for granting defendant relief on an ineffective-assistance-of-counsel theory. Defendant also claims in a pro se filing that his counsel's appellate brief constituted ineffective representation. We have reviewed the arguments that counsel has made on defendant's behalf and conclude that ineffective assistance of appellate counsel has not been demonstrated. We have considered all issues presented and conclude that the decision of the court of appeals and the judgment of the district court should be affirmed.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**