**IN THE COURT OF APPEALS OF IOWA**

No. 13-0800
Filed March 12, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL EUGENE FULKERSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.


        Michael Fulkerson appeals his sentence arising from his conviction for possession of a controlled substance. **AFFIRMED.**


        Thomas P. Graves of Graves Law Firm, P.C., Clive, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, John P. Sarcone, County Attorney, and Andrea Petrovich, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

Michael Fulkerson appeals his sentence arising from his conviction for possession of a controlled substance, claiming the district court abused its discretion by ordering the sentence in this case to run consecutively to Fulkerson's sentence for his parole violation. Fulkerson asserts the court, in imposing consecutive sentences, ignored the fact these charges resulted in a parole revocation, forcing Fulkerson to serve the full twenty-five year sentence. Because we conclude the district court did not abuse its discretion, we affirm.

On April 23, 2013, Fulkerson pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to a charge of possession of a controlled substance, third offense, in violation of Iowa Code section 124.401(5) (2013). The issue at sentencing was whether Fulkerson's sentence should run concurrently or consecutively to his sentence for a parole violation. The district court imposed a sentence not to exceed five years, to be run consecutively to Fulkerson's parole violation sentence. Fulkerson appeals.

We review sentencing decisions for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). An abuse of discretion is only found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.* "Sentencing decisions are cloaked with a strong presumption in their favor. A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

Here, the district court was authorized to impose consecutive sentences, given Fulkerson pled guilty to a class "D" felony. *See* Iowa Code § 908.10. During the sentencing hearing, the court stated:

> The real issue for me is whether it should run consecutive or concurrent to the parole violation case, and I believe it should run consecutive to the parole violation case, and that is going to be my order. The defendant was on parole when this happened, his age, his criminal history, and I think that to run it concurrently would not recognize the separate and serious nature of this offense.

Based on this reasoning, the district court did not abuse its discretion in ordering the sentences to run consecutively. Consequently, we affirm Fulkerson's sentence pursuant to Iowa Court Rule 21.26(1)(a) and (e).

**AFFIRMED.**