**IN THE COURT OF APPEALS OF IOWA**

No. 13-1145
Filed May 14, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERIC WILLIAM WEEKS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Nancy S. Tabor (plea) and Mark R. Lawson (sentencing), Judges.

        Eric Weeks appeals his sentence for solicitation to commit willful injury, a non-forcible felony. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Michael H. Walton, County Attorney, and Melissa Zaehringer, Assistant County Attorney, for appellee.

        Considered by Vogel, P.J., and Doyle and Mullins, JJ.  Tabor, J., takes no part.

**VOGEL, P.J.**

Eric Weeks appeals his sentence for solicitation to commit willful injury, a non-forcible felony. Weeks claims the district court's reasoning was based on the sentences imposed in his other criminal cases rather than this case, and the imposition of the consecutive five-year sentence was strictly punitive. Because we conclude the district court did not abuse its discretion in imposing this sentence and requiring it to run consecutively to Weeks's other terms of incarceration, we affirm.

Weeks pled guilty to solicitation to commit willful injury, a non-forcible felony, in violation of Iowa Code sections 705.1 and 708.4(2) (2013), as a result of his attempt to hire one or more individuals to murder his family so he could avoid prosecution for the sexual abuse of his children. On June 28, 2013, the district court held a sentencing hearing in which it imposed sentences relating to the solicitation count as well as the guilty convictions arising from the trial for sexual abuse. The district court sentenced Weeks to a term not to exceed five years, to be served consecutively to the counts arising from the other cases. Weeks appeals.

We review sentencing decisions for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). An abuse of discretion is only found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.* "Sentencing decisions are cloaked with a strong presumption in their favor. A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect

in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

In sentencing Weeks, the district court stated:

> Well, Mr. Weeks, it's my duty under the law to determine what rehabilitative plan is appropriate for you, and also to consider the need of the public for protection. I have the benefit of having presided over your trial on Counts 1 through 6 in Number 344614. I've also reviewed the presentence investigation. I've considered the information therein, together with the statements of the prosecutor, your attorney, and your statements here today.
>
> This case involved your systematic abuse of your daughter over a substantial period of time beginning at age 10. The abuse was pervasive and it was so commonplace that it became ingrained in the fabric of your family. This was not a situation where one night in a hotel room got out of hand, as you stated to some of your friends at the time of your arrest. You used your influence as a father, together with the prospect of financial or other rewards, to obtain sexual gratification from your child. The Court considers the length of time over which the abuse occurred, and the circumstances surrounding the abuse, as a substantial factor in fashioning an appropriate sentence.
>
> The Court also considers the fact that your abuse involved more than one minor victim. You became involved in a sexual relationship with another minor daughter from whom your parental rights were apparently terminated, and you cultivated a sexual relationship with her within weeks of making contact with her. You also solicited an unrelated child to engage in sex acts. This demonstrates to the Court that you pose a risk to minors outside of members of your immediate family. The Court believes you are a dangerous sexual predator who preys upon minors, particularly minors over whom you have influence. Therefore, community protection, and particularly the protection of minors you would come into contact with, is also a significant factor in the Court's sentencing decision.
>
> *The Court also considers the attempt you made to solicit harm to your family in an effort to impede this criminal prosecution.*
>
> Other reasons for the Court's sentence include your age, your criminal history, which the Court does note was prior to 2003, so it's some time ago, your need for substantial and prolonged treatment for your sexual addiction, the harm you have caused to your wife and your child, and the recommendation of the PSI that includes the other victims in your case.
>
> The sentence on the two Class B felonies is mandatory. The Court believes that you must be incarcerated for a sufficient period

of time until you no longer pose a threat to minors in the community.

. . . .

In FECR 351624, pursuant to your plea of guilty under Count 4 of the Trial Information to the offense of Solicitation to Commit a Non-forcible Felony in violation of Iowa Code Section 705.1, and as provided by Sections 902.3 and 902.9 of the Iowa Criminal Code, it is the judgment and sentence of the Court that you be, and are hereby, committed to the custody of the director of the Iowa Department of Corrections for a period not to exceed five years, and that you pay a fine of $750. You will receive credit on your sentence for time spent in the Scott County Jail. The fine is suspended.

The sentences under Count 1 and 2 in FECR 344614 are to be served concurrently. The sentence—sentences under Counts 3 and 4 in Case Number 344614 are to be served concurrently with each other, but consecutive to Counts 1, 2, 5 and 6. The sentences in Counts 5 and 6 in FECR 344614 are to be served concurrently with each other, but consecutive to the sentences in Counts 1 and 2, to be served together, and 3 and 4, to be served together. The sentence in FECR 351624 shall be served consecutively to all sentences in Case Number 344614.

The Court's reasons for imposing consecutive sentences, in addition to the reasons cited previously, is the longstanding and persistent nature of the sexual abuse, and the fact that there were multiple minor victims of your abuse.

The Court orders the sentence for the Solicitation offense to be served consecutively, as this not only represented an attempt to threaten and intimidate your family, but also to strike a blow at the legal system by attempting to prevent the Court from having access to their testimony.

. . . .

The Court orders the Solicitation offense to be served consecutively for the reasons stated above. The Court also considers the need to protect the community from further offenses by this defendant. The Court orders that the consecutive sentencing on Counts 1 and 2, 3 and 4, and 5 and 6 most appropriately reflect your conduct towards this young victim and the number of years and the number of events which occurred during that period of time.

(Emphasis added.)

The district court adequately explained its reasoning when ordering the sentence for the solicitation to commit willful injury count to run consecutively to

the terms of imprisonment imposed in the other cases.  Furthermore, it is not, as Weeks characterizes the sentence, a purely punitive measure, considering the court's understandable desire to protect the community and his family from Weeks.  Consequently, we find no abuse of discretion, and affirm pursuant to Iowa Rule of Court 21.26(1)(a), (d), and (e).

**AFFIRMED.**