# IN THE COURT OF APPEALS OF IOWA

No. 13-1203
Filed June 11, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**PABLO ELIAS-LOPEZ,**
      Defendant-Appellant.

_____

      Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

      Pablo Elias-Lopez appeals from his conviction and sentence for possession of marijuana with intent to distribute. **AFFIRMED.**

      Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

      Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Patrick Jennings, County Attorney, and Amy Klocke, Assistant County Attorney, for appellee.

      Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

Pablo Elias-Lopez appeals from his conviction and sentence for possession of marijuana with intent to distribute. He asserts the district court erred in denying his motion to exclude a State's witness added five days before trial, which he frames as an ineffective-assistance-of-counsel claim. He further argues the district court abused its discretion in imposing an unreasonable sentence. Because we conclude Elias-Lopez failed to establish prejudice with regard to his ineffective-assistance claim, and the court did not abuse its discretion with respect to its sentencing decision, we affirm.

Elias-Lopez was arrested on November 21, 2012, following a vehicle search that uncovered 222.9 grams of marijuana. He was charged on November 28, 2012, with possession with intent to deliver a controlled substance as a habitual offender, within 1000 feet of a park, in violation of Iowa Code sections 124.401(1)(d), 124.411, and 124.401(A) (2011), and failure to affix a tax stamp, in violation of Iowa Code sections 453B.12 and 902.8. A final pretrial conference was held on April 11, 2013, four days prior to trial, in which Elias-Lopez moved to exclude the State's confidential informant from testifying because the State had not previously served notice or listed the confidential informant in the minutes of testimony.[1] The court denied the motion. Elias-Lopez deposed the informant on the morning of April 16, the date trial was scheduled to begin.

Elias-Lopez pled guilty on April 16, 2013, to possession with intent to deliver as a habitual offender. Shortly thereafter, Elias-Lopez filed a motion in

---

[1] The State's intention to call this witness resulted from the district court's prior ruling, excluding as hearsay a law enforcement officer's statement as to what he had been told by this witness.

arrest of judgment, contesting the plea as not knowing, voluntary, and intelligent. A hearing was held on July 17, in which Elias-Lopez withdrew his motion, and a sentencing hearing then proceeded. The district court sentenced Elias-Lopez to a term of incarceration not to exceed fifteen years. Elias-Lopez appeals.

We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on this claim, the defendant must establish trial counsel breached an essential duty and he was then prejudiced by counsel's failure. *Id.* We review sentencing decisions for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003).

Elias-Lopez first claims the district court erred in denying his motion to exclude the confidential informant as a witness, and trial counsel was ineffective for failing to condition his guilty plea on the preservation of error with respect to this issue. However, counsel was able to depose the confidential informant before the commencement of trial. Given this fact, as well as the lack of an assertion the outcome of the proceeding would have been different but for counsel's failure, Elias-Lopez has failed to set forth an argument on which we could make a finding of prejudice. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (holding when the defendant's claim lacks prejudice, we may dispose of the claim on that ground alone). Moreover, our rules of criminal procedure do not allow a defendant to enter a conditional plea of guilty. *See* Iowa R. Crim. P. 2.8(2)(a). Therefore, counsel did not breach an essential duty by not conditioning Elias-Lopez's guilty plea on a preservation of error issue, and Elias-Lopez's ineffective-assistance claim fails.

Elias-Lopez next asserts the district court abused its discretion in ordering a term of incarceration as opposed to probation, for which Elias-Lopez argued at sentencing. He claims the court gave undue weight to his criminal history, rather than considering all the pertinent factors set forth in Iowa Code section 901.5.

During the sentencing hearing, the court set forth the following reasoning for imposing its sentence:

> I realize what you say, [defense counsel], is something that I've noticed and experienced as well as with relationships of young men between 18 and 25. The hard part about this case is that the criminal history is so significant, and I can't ignore that because I have no way of telling whether Mr. Lopez has what it takes to be successful this time on probation. I'm going to follow the recommendation of the presentence report. I realize you have a serious usage addiction problem and it somehow, sometime has to get under control, and it's—I don't like sending someone to prison, especially someone as young as you. But unfortunately your criminal history and the recommendations and the—my belief is you won't be successful on probation.
>
> . . . .
>
> The court has considered all of the sentencing options in this case and believes that the sentence it's going to impose is going to provide the maximum opportunity for the rehabilitation of Mr. Lopez. It will protect the community from further offenses by Mr. Lopez and others who might be inclined to commit similar offenses. I've considered the presentence report to the extent of the parties' agreement. I have considered the defendant's comments and comments of counsel today. And if things were different, if we didn't have such an extensive criminal history, I would clearly consider other options. And if I had another good option that I thought would work, I would clearly consider it. I do believe you've reached a point in your life, and I don't know when that is, it's different with everyone that life changes, your perspective changes on things and hopefully you've reached that point but if not, you will by the time you get released this point in time. But, nevertheless, because the defendant has pled guilty and admitted he's a habitual offender, the period of incarceration from five years from the original sentence under Count I is now enhanced to a period of incarceration not to exceed . . . 15 years . . . . So no fine or surcharge is imposed, but the period of incarceration is imposed. It is not suspended.

The court clearly explained its reasoning in declining to suspend the term of incarceration, and it did not give undue weight to Elias-Lopez's criminal history. Rather, it considered the appropriate factors under Iowa Code section 901.5. *See generally State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). Consequently, we find no abuse of discretion in this decision.

Having considered Elias-Lopez's arguments, we affirm both his conviction and sentence.

**AFFIRMED.**