**IN THE COURT OF APPEALS OF IOWA**

No. 13-1834
Filed July 16, 2014

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**REX DEAN MCDERMOTT,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Cass County, Jeffrey L. Larson,

Judge.


          Rex McDermott appeals his sentence to one count of domestic abuse

assault by strangulation causing bodily injury.  **AFFIRMED.**


          Sean P. Spellman of Spellman Law, P.C., West Des Moines, for appellant.

          Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney

General, and Daniel Feistner, County Attorney, for appellee.


          Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

Rex McDermott appeals his sentence to one count of domestic abuse assault by strangulation causing bodily injury, asserting the district court abused its discretion in sentencing him to a period of incarceration not to exceed five years. Because we conclude the district court properly considered the appropriate factors when sentencing McDermott, we affirm.

This case arises from an incident on October 13, 2012, in which McDermott strangled his wife, Beth McDermott, and shoved her head in a bucket containing diesel fuel. The State filed a trial information, and later an amended trial information, charging McDermott with willful injury, in violation of Iowa Code section 708.4(2) (2011); domestic abuse assault, in violation of Iowa Code sections 236.2, 708.1(1), and 708.2A(2)(b); and domestic abuse assault by strangulation causing bodily injury, in violation of Iowa Code section 708.2A(5). McDermott pleaded guilty to the domestic-abuse-assault-by-strangulation charge on September 23, 2013.

A sentencing hearing was held on November 12, 2013, at which Chase Roller, who prepared the presentence investigation report, and Beth testified. It was established McDermott suffered from bipolar disorder and alcohol dependence. Beth's letter described how McDermott planned ahead to harm her and how she questioned whether he would attack again. Several letters were also submitted to the court on behalf of McDermott, describing his good character, service to the community, devotion to his family, and how this act was completely "out of character." After hearing the testimony, McDermott's statements, and the arguments of the parties, the district court sentenced

McDermott to a period of incarceration not to exceed five years, declining to suspend the sentence. McDermott appeals, claiming the court did not properly consider factors such as McDermott's lack of criminal history, the maximum opportunity for rehabilitation, or considerations relating to the protection of the community, given McDermott's mental health issues and the availability of treatment.

We review sentencing decisions for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). An abuse of discretion is only found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.* "Sentencing decisions are cloaked with a strong presumption in their favor. A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

The district court set forth the following reasons for imposing the five-year sentence:

> Mr. McDermott, I've read and considered all the letters that have been submitted in your support as well as what you've told me. I understand that you have a substance abuse and a mental health issue that you've been battling with. I note that's been an ongoing issue for several years. I also considered the fact that you've been in and out of several treatment programs, normally walking out of them on your own.
> I would like to think that this horrific incident that was very violent would be a wake-up call for you and motivate you to stay with your treatment programs that you're currently taking part in, but I have no way of guaranteeing to your wife or to the community that that's going to happen. That's a risk that I'm not willing to take. For that reason, I'm not going to suspend the sentence.

This was a terribly violent offense that caused injury to your wife, one that you have talked about and threatened to commit and that you did, and you knew it was wrong at the time.

Like I said, I think—I would like to think that this is enough of a wake-up call to prevent this from happening again and to prevent you from walking away and stopping your voluntary treatment programs, but I can't make that guarantee to the community or to your wife; and for that reason, I think a five-year imprisonment is an appropriate one under the circumstances, and a suspended sentence is not appropriate.

I understand your—the argument that your counsel and experts provided concerning the treatment that will be available to you through the Department of Corrections and that it is undisputed that that's not the best treatment that you're going to get; you'll get better treatment where you're at or through some private resource. But that's not the only reason for my sentence, and it's not just to get you the treatment you needed. It's also to protect the community, and you're also being punished for what you did.

We find no abuse of discretion in this decision. The court acknowledged McDermott's many letters of support and considered the appropriate factors, including the nature of the crime, the potential for rehabilitation, as well as McDermott's mental health and substance abuse issues. *See State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (noting that the nature of the offense, the attendant circumstances, and the defendant's age, character, propensities, and chances for reform are the "minimal essential factors" to be considered by the sentencing judge). Consequently, we affirm the sentence pursuant to Iowa Rule of Court 21.26(1)(a), (d), and (e).

McDermott also requests that any ineffective-assistance-of-counsel claims be preserved for potential future postconviction relief proceedings. However, no specific preservation of claims is necessary, given any potential claims are deemed preserved under Iowa Code section 814.7(1) (2013).

**AFFIRMED.**