# IN THE COURT OF APPEALS OF IOWA

No. 13-1812
Filed November 13, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRANDON AVERY SAMUEL PROCTOR,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Tama County, Ian K. Thornhill, Judge.


    Brandon Proctor appeals from the sentence imposed following his guilty plea. **AFFIRMED.**


    Mark D. Fisher of Nidey Erdahl Tindal & Fisher, Cedar Rapids, for appellant.

    Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, and Brent D. Heeren, County Attorney, for appellee.


    Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Brandon Proctor appeals the sentence imposed following his guilty plea[1] to the offense of conspiracy to manufacture, deliver and/or possess with the intent to deliver methamphetamine in an amount less than five grams, in violation of Iowa Code section 124.401(1)(c) (2013).

We review sentencing determinations for an abuse of discretion. *See State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.*

Proctor contends the district court abused its discretion in imposing a period of incarceration rather than suspending his sentence. However, the district court considered appropriate factors, including the defendant's age, the nature and circumstances of the current offense, his criminal history, and the presentence investigation (PSI) report's recommendation,[2] and rejected a suspended sentence. The court determined the sentence imposed offered the defendant the maximum opportunity for rehabilitation and protected the community. We find no abuse of discretion and therefore affirm.

**AFFIRMED.**

---

[1] The defendant entered his plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting to participating in the crime.

[2] The PSI report recommended imprisonment because:

> The defendant has a long history of methamphetamine use that has progressed to affecting his health. The defendant did not feel the need to change his behaviors or seek treatment prior to losing parental rights of his children and stepchildren. At this point it is unlikely anything other than incarceration will prevent this man from doing further damage to himself. He is a danger to the community as he is likely to be driving a semi on interstates while under the influence of meth. It appears a period of incarceration is appropriate.