# IN THE COURT OF APPEALS OF IOWA

No. 13-2012
Filed April 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHAN JAY OWENS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

        Jonathan Owens challenges the sufficiency of the evidence of drug possession and the court's imposition of consecutive sentences. **AFFIRMED.**

        Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Michael Walton, County Attorney, and Peter Berger, Assistant County Attorney, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Following a jury trial, Jonathan Owens was convicted of a drug tax stamp violation, possession of marijuana, and possession with intent to deliver marijuana. He also pled guilty to failure to appear. On appeal, he challenges the sufficiency of the evidence of drug possession and the court's imposition of consecutive sentences. We affirm.

**I. Background Facts.**

On July 30, 2012, Davenport police officers stopped a black sedan driven by Ashley Mack and in which Owens and Ashley Yoke were passengers. Owens was in the front passenger seat, and Yoke was in the back passenger seat. Two officers were involved in the stop. One officer who approached the vehicle (Officer Devin McNeill) smelled marijuana, which led to the other officer (Officer William Martin) to conduct a search of the vehicle. Under the front passenger seat "on the door side of the front passenger seat," Officer Martin found a large plastic bag containing five smaller individual plastic bags of marijuana. A baby bottle was also under the passenger seat, but the baby bottle "would have prevented the marijuana from being placed there from the rear passenger area." Officer Martin testified "the marijuana was found in a position such that it appeared as though "the only place that it could be easily placed there from was if the front passenger seat passenger had put it there."

Backseat passenger Yoke testified she and Owens lived together and they had sold marijuana in the past. She stated she saw Owens and Mack smoke marijuana together before the three of them got in the car on July 30 and that they were on the way to deliver marijuana when they were stopped. Yoke

testified she saw Owens "ben[d] down and then he hurried up and got out of the car" when the officers stopped them. Both Yoke and Mack denied the marijuana found in the car was theirs.

When searching Owens, the officers found keys to Yoke's apartment. Yoke testified Owens lived there with her and kept personal items there. Upon executing a search warrant for that address, Detective Brian Morel testified officers found a Crown Royal bag on a shelf in a closet. The cloth Crown Royal bag containing a plastic bag of marijuana (total package weight of fifty-eight grams) and a plastic bag of a smaller amount of marijuana (total package weight of 8.15 grams). Yoke testified Owens kept his marijuana in a Crown Royal bag, and she had seen him with a Crown Royal bag on July 30 before she and Owens went to meet with Mack. Yoke testified the marijuana in the Crown Royal bag was not hers.

Owens was charged with a drug tax stamp violation and two counts of possession with intent to deliver a controlled substance (marijuana). Owens did not appear for an October 2012 pretrial conference, and an arrest warrant issued. He was later located in Texas and returned to Iowa in July 2013. He was charged with failure to appear in an amended trial information. Following an October 2, 2013 jury trial, Jonathan Owens was convicted of a drug tax stamp violation, possession of marijuana, and possession with intent to deliver marijuana. He pled guilty to failure to appear.

On November 27, 2013, the district court imposed the following sentences, which were to be served concurrently: on the drug tax stamp violation, a term of imprisonment not to exceed five years; on the possession

conviction, six months; and on the possession with intent to deliver, six months. The court then sentenced Owens to a term of imprisonment not to exceed five years on the failure to appear conviction, which was to be served consecutively to the other sentences.

Owens appeals, arguing there is insufficient evidence of possession to support the drug convictions. He also contends the sentencing court abused its discretion in imposing consecutive sentences.

## II. Sufficiency of the Evidence.

Having considered the record evidence in the light most favorable to upholding the verdict, including all reasonable inferences that fairly may be drawn therefrom, *see State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014), we affirm the possession and drug tax stamp convictions. While Owens argues witness testimony was not credible, such questions are for the jurors, who are free to reject certain evidence, and credit other evidence. *See id.*

"[T]he distinction between actual possession and constructive possession does not turn on whether a defendant was apprehended with the contraband, but on whether there is sufficient evidence that contraband was in his or her physical possession at some point in time." *Id.* With respect to the marijuana found under the right passenger seat of the vehicle, Owens was the last person who had access to that location in the car where the drugs were found, the backseat passenger saw Owens bend down just before they were arrested, and the others in the vehicle denied responsibility for the drugs. *See id.* at 446 (distinguishing the case from *State v. Cashen*, 666 N.W.2d 566, 571-72 (Iowa 2003), where "on the question of dominion and control the State had only Cashen's proximity to the

drugs, and 'the other three passengers riding in the back seat were just as close to the drugs as was Cashen'"). Moreover, the driver had seen Owens with five individually wrapped plastic bags of marijuana (the quantity and packaging found under the passenger seat) and believed they were on their way to make a delivery of marijuana. *See id.* at 446.

As for the drugs found in the Crown Royal bag in the apartment closet, Yoke testified Owens lived there with her, Owens kept his marijuana in such a bag, she had seen Owens with a Crown Royal bag earlier that day and on other occasions, and the marijuana found was not hers. Owens had a key to the apartment when he was arrested on July 30. Viewing the totality of the evidence, we agree with the trial court that there was substantial evidence from which the jury could find Owens possessed the marijuana found in the closet. *See id.* at 445 ("Here, too, despite the fact that the apartment and the bedroom were not in Thomas's exclusive possession, there was substantial evidence linking Thomas personally to the drugs.").

**III. Sentencing.**

The district court imposed a five-year term on the failure-to-appear conviction, which was to be served consecutively to the concurrent terms imposed on the drug charges. Owens complains the sentencing court imposed consecutive sentences under the mistaken belief it was required.[1]

We review sentencing decisions for an abuse of discretion. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). An abuse of discretion is only found

---

[1] Owens provides a partial quotation from the sentencing transcript where the district court states, "And, again, I'm a little frustrated with the fact that I have to do this, . . . ."

when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.*

We do not find the district court acted under the impression a consecutive sentence was required. *Cf. State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989) (distinguishing the case from one where "the consecutive sentences left the impression that the trial court may have mistakenly believed that consecutive sentences were mandatory"). Here, in sentencing Owens, the court noted Owens had fourteen prior convictions, expressed frustration that Owens was "not without talent" but "wasting his life," and emphasized the failure-to-appear conviction was a separate and distinct offense to the other three offenses. We find no abuse of discretion.

Because there is substantial evidence to sustain the convictions and the court did not abuse its discretion in imposing consecutive sentences, we affirm.

**AFFIRMED.**