**IN THE COURT OF APPEALS OF IOWA**

No. 15-1109
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIMOTHY JOHN MILLER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Stephanie C. Rattenborg, District Associate Judge.

Timothy Miller appeals his convictions for third-degree harassment and interference with a judicial act. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**PER CURIAM.**

The crimes underlying this appeal arise out of multiple court filings by Timothy J. Miller, which demanded information from Buchanan County Attorney Shawn Harden and Magistrate Steven Ristvedt and threatened legal action against them. A jury found Miller guilty of third-degree harassment and interference with a judicial act. On appeal, Miller contends the evidence was insufficient evidence to support the jury's findings of guilt.

The jury was instructed the State would have to prove the following elements of third-degree harassment:

> 1. On or between December 30, 2013, and February 17, 2014, the Defendant, Timothy John Miller,
>    a. Communicated with Shawn Harden in writing, without a legitimate purpose, in a manner likely to cause him annoyance or harm.
> 2. The Defendant did so with the specific intent to intimidate, annoy or alarm Shawn Harden.

*See also* Iowa Code § 708.7(1)(a)(1) (2013). The jury also was instructed the State would have to prove the following elements of interference with a judicial act:

> On or between the 30th day of December, 2013, and February 19, 2014:
> 1. The Defendant had the specific intent to intimidate, annoy or alarm Steven Ristvedt,
> 2. By communication by writing,
> 3. Without legitimate purpose, and,
> 4. In a manner likely to cause Steven Ristvedt annoyance or harm,
> 5. And with the specific intent to interfere with or improperly influence or in retaliation for an official act of a judicial officer.
> 6. Steven Ristvedt was a "judicial officer" as defined in Instruction No. 17.

*See also id.* § 720.7.

A reasonable juror could have found the following facts. In 2012, Magistrate Ristvedt adjudged Miller guilty of false representation of record and imposed a fine, surcharge, and court costs. When the monetary obligation was not paid, the State referred the matter to its collection unit and, a year later, to a third-party collection agency. Fifteen days after the collection agency issued its first notice, Miller began to inundate the county attorney and magistrate with requests for information and threats of legal action.

One missive directed to Harden accused him of fraud and informed him that if he did not provide the requested information within seventy-two hours, he would "accept[] with full liability, without recourse, lien and levy as prescribed by law." Another document, styled a "Notice of Tort Claim," informed Harden that Miller was bringing an action against him for several alleged violations of law.

Magistrate Ristvedt received similar communications, including a "Notice of Suit Affidavit" accusing him of various violations of law and a document expressing an intent to have the magistrate's immunities removed and seeking the imposition of "pecuniary damages . . . for bad faith concealment and trespass."

Harden and Ristvedt testified they were annoyed by the filings. Harden expressed concern about having liens filed against him. He cited a similar filing against a police officer that took almost a year to clear up. When Miller, acting pro se, asked Harden whether Miller had done anything to offend him, Harden responded, "Repeatedly asking me for the same documents again and again once I've answered, and answered in accordance with the law, and then threatened me with lawsuits, yeah." Magistrate Ristvedt testified the filings

initially were "just annoying" but then "they got . . . more threatening and harassing." He cited Miller's expressed intent to "come after [him] both privately and personally" and Miller's intent to place a lien on Ristvedt's property.

Miller admits sending these documents but contends he lacked the specific intent to "intimidate, annoy or alarm Shawn Harden" or "interfere with or improperly influence or [act] in retaliation for an official act of a judicial officer." A reasonable juror could have found otherwise. Several witnesses testified the filings were consistent with acts of individuals who self-identified as "sovereign citizens" and who claimed to be above the law unless the law benefitted them. Given the tenor of the filings—including threats—the timing of the filings relative to collection efforts against Miller, and Miller's refusal to acknowledge receipt of responses to his requests for information, a reasonable juror could have found Miller acted with the requisite specific intent. *See State v. Evans*, 672 N.W.2d 328, 330 (Iowa 2003) ("Intent is a matter that is seldom capable of direct proof. Consequently, we have recognized that a trier of fact may infer intent from the normal consequences of one's actions." (citations omitted)).

In a similar vein, Miller argues the documents were not "without legitimate purpose." Suffice it to say that the evidence summarized above could have been considered by the jury when it made a contrary finding.

Substantial evidence supported the jury's findings of guilt. *See State v. Hennings*, 791 N.W.2d 828, 832-33 (Iowa 2010) (setting forth standard of review). Accordingly, we affirm Miller's judgment and sentences for third-degree harassment and interference with a judicial act.

**AFFIRMED.**