# IN THE COURT OF APPEALS OF IOWA

No. 20-1092
Filed October 20, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LAUREN SCHULTE,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Brendan E. Greiner (guilty plea) and Cynthia M. Moisan (sentencing), District Associate Judges.

Lauren Schulte appeals her guilty plea and sentence following conviction for two operating-while-intoxicated offenses. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Heard by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Lauren Schulte pled guilty to operating a motor vehicle while intoxicated (OWI), first offense—a misdemeanor—and OWI, third offense—a felony. The district court accepted the pleas and scheduled the matter for sentencing at a later date. Following the sentencing hearing, the district court incarcerated her for one year on the OWI first offense charge and imposed a term not exceeding five years on the OWI third-offense charge, with the terms to be served consecutively. Schulte appealed.

Schulte argues (1) a recent enactment requiring good cause to file a direct appeal from a guilty plea is unconstitutional; (2) she has good cause to appeal her guilty plea; (3) the plea was unknowing and involuntary; (4) the district court's acceptance of the guilty plea constituted plain error; and the (5) the district court abused its discretion in sentencing her to prison and ordering the terms to be served consecutively. The State responds that "[e]rror was not preserved" on Schulte's challenges to her guilty pleas.

Iowa Rule of Criminal Procedure 2.24(3)(a) states, "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such a challenge on appeal." Schulte did not file a motion in arrest of judgment to challenge the adequacy of her pleas. Accordingly, she either failed to preserve error or lacked good cause to file a direct appeal from her guilty plea.[1]

---

[1] Our courts have characterized the failure to file a motion in arrest of judgment as a failure to preserve error. *See, e.g., State v. Loye*, 670 N.W.2d 141, 149 (Iowa 2003); *State v. Diallo*, No. 16-0279, 2017 WL 1735628, at *1 (Iowa Ct. App. May 3, 2017). Recently, the supreme court stated the issue was one of good cause to

Schulte invokes an exception to this categorical rule. *See Treptow*, 960 N.W.2d at 109 ("We have recognized two exceptions to this bar."). She cites *Loye*, 670 N.W.2d at 148, for the proposition that "[t]he right to appeal is waived only if such a waiver is an express element of the particular agreement made by that defendant." In her view, the plea agreements she signed did not "properly advise her that the *failure to file* a motion in arrest of judgment would preclude her from challenging her guilty pleas *on appeal*."[2]

Schulte's written pleas contained the following language:

> To contest this plea, including my agreement to any enhancement(s), I must file a Motion in Arrest of Judgement within 45 days and no later than 5 days before sentencing. By seeking immediate sentencing I give up this right and I give up any right of any appeal of, or challenge to, this plea or my agreement to any

---

appeal. *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (reaffirming the definition of "good cause" under recent legislation as a "legally sufficient reason to appeal"; stating "[b]y definition, a legally sufficient reason is a reason that would allow a court to provide some relief"; and stating "there [was] no such possibility" where the defendant "waived his right to file a motion in arrest of judgment" after being adequately advised of the right). The court reached that conclusion after rejecting separation-of-powers and equal protection challenges to the legislation. *See id.* at 103–07 (addressing challenges to Iowa Code section 814.6(1)(a)(3)); *see also State v. Tucker*, 959 N.W.2d 140, 145–53 (Iowa 2021). The court of appeals has since rejected due process challenges to the provision. *See State v. Crews*, No. 19-1404, 2021 WL 3661222, at *1 (Iowa Ct. App. Aug. 18, 2021); *State v. Kern*, No. 20-1392, 2021 WL 4304272, at *1 (Iowa Ct. App. Sept. 22, 2021) (rejecting the defendant's arguments that Iowa Code section 814.6(1)(a)(3) was "unconstitutional as in violation of due process, equal protection, [or] separation of powers"). These opinions resolve Schulte's constitutional challenges to the good cause provision. As for Schulte's challenge to another recent amendment—Iowa Code section 814.29—we follow *Treptow* and "decline to pass on the constitutionality of the statute." See *Treptow*, 960 N.W.2d at 110 n.1.

[2] Schulte concedes the waiver of her right to appeal could be in writing for the felony offense as well as the misdemeanor offense in light of supervisory orders governing court services during the Covid-19 pandemic.

enhancement. I also give up any right to the preparation and use of a pre-sentence investigation report.

The pleas also stated, "By pleading guilty, I may give up any right to appeal this case unless I can show good cause for an appeal." Together, these advisories adequately apprised Schulte that she would waive the right to challenge her pleas on appeal if she failed to file a motion in arrest of judgment.[3]

We reach this conclusion notwithstanding the language predicating waiver on "immediate sentencing." The language could have been deleted. *See State v. Fisher*, 877 N.W.2d 676, 682 (Iowa 2016) ("Absent from [the defendant's plea] form was any statement that by signing it *or* proceeding to immediate sentencing, [the defendant] was giving up his ability to contest the plea in the future . . . ." (emphasis added)). When read in context, its inclusion did not dilute the advisory. *See State v. Sedlock*, No. 15-1954, 2016 WL 5930883, at *1, n.1 (Iowa Ct. App. Oct. 12, 2016) (concluding identical language precluded the defendant from challenging his guilty plea); *see also State v. Cramblit*, No. 17-0048, 2017 WL 4844304, at *2 (Iowa Ct. App. Oct. 25, 2017) ("Although [the defendant] was not seeking immediate sentencing, we determine [the defendant] was adequately advised 'failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal.'" (citation omitted)).

We conclude Schulte's failure to file a motion in arrest of judgment after receiving a proper advisory on the consequence of the omission prevents her from

---

[3] Because we rest our opinion on the advisories contained in the written plea agreements, we find it unnecessary to address Schulte's alternative argument that the district court's advisory in its post-plea written order was inadequate.

challenging her guilty pleas on direct appeal. *See Treptow*, 960 N.W.2d at 109. We decline to address those challenges.

Schulte also contends the "sentencing court abused its discretion in imposing without suspending the sentences of incarceration, and in running those sentences consecutively." *See State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003) (setting forth standard of review). "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

At sentencing, Schulte asked for the "minimum 30 days with credit for time served and [to] be placed on probation," based primarily on her sobriety for 248 days. The State sought "an indeterminate term not to exceed five years" plus one year, to "run consecutive to her other offense."

The district court adopted the State's sentencing recommendation. The court reasoned that the second OWI occurred "fairly quickly" after the first and was followed by additional arrests that resulted in a fine and pleas. The court then stated:

> Probation is denied because it's unwarranted in this case due to your criminal history, the nature and circumstances of the offense, your substance abuse history, propensity for further criminal activity, protection of the public and maximum opportunity for rehabilitation, and based upon information from the presentence investigation, and the short period of time between which these offenses happened.

The court confirmed these reasons in its written sentencing order. We discern no abuse of discretion in the court's sentence of incarceration and its imposition of consecutive terms.

We affirm Schulte's convictions, judgment and sentence. We find it unnecessary to address any remaining issues raised by the parties.

**AFFIRMED.**