# IN THE COURT OF APPEALS OF IOWA

No. 22-0753
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROY LEE GARNER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Poweshiek County, Shawn R. Showers, Judge.


        Roy Garner appeals the sentences imposed following his guilty pleas to abuse of a corpse, accessory after the fact, and obstruction of prosecution or defense.  **AFFIRMED.**



        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., Schumacher, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DANILSON, Senior Judge.**

Roy Garner appeals the sentences imposed following his guilty pleas to abuse of a corpse, accessory after the fact, and obstruction of prosecution or defense, contending the district court "abused its discretion by considering impermissible factors." Upon our review, we affirm.

## I.  Background Facts and Proceedings

Garner lived with his girlfriend, Julia Cox, and her son, Steven Vogel. *See State v. Vogel*, No. 21-1931, 2023 WL 1810032, at *1 (Iowa Ct. App. Feb. 8, 2023). Vogel murdered Michael Williams. *See id.* at *3–5 (affirming Vogel's convictions for first-degree murder and abuse of a corpse). Following the murder, Williams' body was transported from Cox's home to a rural area and found "burning in the ditch." *See id.* at *2.

In connection with the aftermath of the murder, Garner eventually pled guilty to abuse of a corpse, in violation of Iowa Code section 708.14(1)(b) (2020); accessory after the fact, in violation of section 703.3; and obstruction of prosecution or defense, in violation of section 719.3(1). Garner's plea admitted his involvement in "mutilating, disfiguring, or dismembering a human corpse with the intent to conceal a crime"; "harbor[ing] [Vogel] with the intent to prevent the apprehension of [Vogel]"; and "destruct[ing] evidence to prevent the prosecution" of Vogel. Following a sentencing hearing, the district court imposed consecutive prison terms totaling nine years. Garner appeals.

## II.  Standard of Review

Because the sentence imposed by the court was within the statutory limits, we review Garner's sentencing claim for an abuse of discretion. *See State v.*

*Wright*, 340 N.W.2d 590, 592 (Iowa 1983).  An abuse of discretion occurs "when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable."  *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). Sentencing decisions enjoy a strong presumption in their favor.  *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

### III.    Discussion

On appeal, Garner contends the court "impermissibl[y]" "consider[ed] the greater crimes of a co-defendant, [Vogel,] which were not charged against [Garner]" "and in doing so imposed the maximum consecutive prison sentences on [Garner]."  Specifically, Garner claims the court "relied in large part on the heinous murder committed by . . . Vogel in ordering that Garner's sentences be served consecutively rather than suspending his sentence as requested or ordering the prison terms to be served concurrently."

In explaining its reasons for Garner's sentence, the court stated in relevant part:

> Mr. Garner, I've considered my sentencing options, and those are provided in Chapters 901 and 907, specifically [section] 907.5 of the Iowa Code, which is what I am to consider in sentencing you based on what would provide you with maximum rehabilitation and protect the community at the same time from further offenses by you and others.
> And I have considered your age.  You're an older man.  You do have a small prior criminal history.  You're on, I believe, Social Security income for disability, so you're not employed.  Your family circumstances obviously have become known throughout this hearing.  And the nature of the offense committed and the harm to the victim, which is obvious to anybody, and your rehabilitation.
> I do find that you did play a role—a significant role in dissolving or disposing of Mr. Michael Williams's body by driving Steven Vogel and then aiding him—Mr. Vogel in setting Michael Williams's body on fire in a ditch, dehumanizing him, transporting evidence, and then attempting to dispose of it.

> I do find that your actions—I find them reprehensible, and there's no excuse for them. And I'm sorry for your bad health now, but that's not an excuse for this kind of behavior, and it's not acceptable under the laws of this state or this county.
>
> So the Court is going to impose the prison sentence pursuant to the provisions of Iowa Code Sections 902.9, 907.5, 708, 703, and 719.3, and you're hereby committed to the custody of the Iowa Department of Corrections for the maximum term of not to exceed five years on Count I, the maximum term of not to exceed two years on Count II, and the same for Count III.
>
> . . . .
>
> The sentences just imposed shall be served consecutively to each other based on the heinous nature of the crime and the attempted cover-up and obstruction of prosecution.

"In reaching a sentencing decision, the district court must determine which legally authorized sentence for the offense 'will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.'" *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (quoting Iowa Code § 901.5). This requires the district court to weigh multiple factors, "including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (quoting *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002)). The court also must "consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors." *Formaro*, 638 N.W.2d at 725. There is a presumption in favor of the sentence imposed, and a defendant must overcome that presumption by affirmatively demonstrating the court relied on an improper factor. *Damme*, 944 N.W.2d at 106. "However, if the defendant demonstrates that the district court considered an improper factor, resentencing is

required even if the improper factor was merely a secondary consideration." *State v. Bowen*, No. 22-0278, 2022 WL 16985663, at *3 (Iowa Ct. App. Nov. 17, 2022).

Here, at the start of the sentencing hearing, the court clearly stated it was sentencing Garner on abuse of a corpse, accessory after the fact, and obstruction of prosecution or defense—three offenses related to his activities after the death of Williams. We acknowledge some lack of clarity in the court's statement that it had to consider "the nature of the offense committed and the harm to the victim, which is obvious to anybody, and your rehabilitation." At first blush, it could imply the court was considering the murder of Williams *in addition to* Garner's involvement in the crimes after Williams' death. We note, however, the court never specifically referred to the murder of the victim while imposing sentence. Considering the court's statement in context, we conclude the court was referencing the crime of abuse of a corpse and did not improperly consider Williams' murder in sentencing Garner. *See State v. Johnson*, No. 02-0676, 2003 WL 118531, at *2 (Iowa Ct. App. Jan. 15, 2003) ("When we consider the statements in context, we conclude they show only a proper consideration of . . . other proper factors, rather than an improper consideration of unproven offenses."). Here, Garner has not affirmatively demonstrated that the court relied on an improper factor and thus has not overcome the presumption in favor of the sentence imposed. *See Damme*, 944 N.W.2d at 106.

Similarly, with regard to the imposition of consecutive sentences, the court explained its decision it was "based on the heinous nature of the crime and the attempted cover-up and obstruction of prosecution." Again, the court did not specify whether the crime referred to was the murder of Williams or the crime of

abuse of a corpse. Notwithstanding, for the same reasons we noted relative to the imposition of the sentences, we conclude Garner has not affirmatively demonstrated the court relied upon an improper factor in imposing consecutive sentences. Accordingly, we affirm.

**AFFIRMED.**