# IN THE COURT OF APPEALS OF IOWA

No. 22-1881
Filed June 5, 2024

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**JON THOMAS KUCHARO,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Scott County, Tamra Roberts (Trial) and Partick A. McElyea (Sentencing), Judges.


　　Jon Kucharo appeals his conviction and sentence for harassment in the first degree. **AFFIRMED.**


　　Matthew B. De Jong, Rochester, Minnesota, for appellant.

　　Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.


　　Considered by Schumacher, P.J., Ahlers, J., and Blane, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**AHLERS, Judge.**

Jon Kucharo left two voicemail messages for the assistant county attorney prosecuting him on various charges. The profanity-laced, name-calling messages included statements that Kucharo was "gonna come fucking get you real soon," that he would "wait outside that door for you," that he would "eliminate" the prosecutor, that "it's gonna be a different fucking ball game" when he got the prosecutor "eye to eye," and that he would "take you right on out." Contending the messages constituted threats, the State charged Kucharo with harassment in the first degree in violation of Iowa Code section 708.7(2) (2022). A jury found him guilty, and the district court sentenced him to prison. Kucharo appeals. He challenges the sufficiency of the evidence supporting his conviction,[1] and he argues the district court abused its discretion in imposing a prison sentence.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Warren*, 955 N.W.2d 848, 856 (Iowa 2021). We uphold the verdict if it is supported by substantial evidence. *Id.* "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable

---

[1] Throughout his brief addressing the sufficiency of the evidence, Kucharo mixes in passing references to the weight of the evidence. Our rules of criminal procedure that were in effect at the time of Kucharo's trial allowed a new trial when a jury's verdict was "contrary to law or evidence." Iowa R. Crim. P. 2.24(2)(b)(6) (2022). A claim that a new trial is warranted because the verdict is contrary to the evidence is raised by filing a motion for new trial with the district court within specified deadlines. *See* Iowa R. Crim. P. 2.24(2). Kucharo never filed such a motion. As a result, to the extent he is claiming on appeal that he is entitled to a new trial because the verdict is contrary to the weight of the evidence, he has not preserved error on the claim, so we decline to address it and limit our discussion to the sufficiency of the evidence. *See State v. Kramer*, No. 16-2048, 2018 WL 346454, at *7 (Iowa Ct. App. Jan. 10, 2018) ("[I]n order to preserve a challenge to the weight of the evidence, [the defendant] must have filed a motion for new trial alleging the same.").

doubt." *Id.* (quoting *State v. Folkers*, 941 N.W.2d 337, 338 (Iowa 2020)). In applying the standard, "[w]e view 'the evidence in the light most favorable to the verdict, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record.'" *Id.* (quoting *Folkers*, 941 N.W.2d at 338).

Kucharo did not object to the jury instructions, so they set the law of the case for purposes of his sufficiency challenge. *See State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020). The marshaling instruction required the State to prove these elements:

1. On or about June 22, 2022, the defendant communicated with [the assistant county attorney] by telephone, without a legitimate purpose, in a manner likely to cause him annoyance or harm.
2. The defendant communicated a threat to commit the crime of felonious assault or murder, as defined in [a later instruction].
3. The defendant did so with the specific intent to intimidate, annoy, or alarm [the assistant county attorney].

Kucharo challenges the State's proof on all three elements. As to the first, Kucharo contends the State failed to prove that he lacked a legitimate purpose when he called the assistant county attorney because the purpose of his calls was to try to get seized property returned to him in relation to another charge that had been dismissed. Kucharo argues that trying to get his property back was a legitimate purpose, so his calls to the assistant county attorney cannot constitute harassment. But Kucharo's argument misconstrues the legitimate-purpose element of the offense. The legitimate-purpose element refers to having a legitimate purpose to intimidate, annoy, or alarm, not a legitimate purpose for the communication during which a threat is made. *See State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003) ("Because there must be a specific intent to threaten,

intimidate, or alarm, the only legitimate purpose that will avoid the criminal status conferred by the statute would be a legitimate purpose to threaten, intimidate, or alarm."). Even if we assume Kucharo had a legitimate reason for calling the assistant county attorney, Kucharo fails to point to any legitimate purpose for trying to intimidate, annoy, or alarm him. A reasonable juror could conclude that Kucharo had no legitimate purpose for trying to intimidate, annoy, or alarm the assistant county attorney, so there is substantial evidence supporting the first element of the offense.

As to the second element, Kucharo claims the State failed to prove he threatened murder or felonious assault. Kucharo testified that he is a billiards player and when playing billiards, phrases like "they will be eliminated" or "they will be taken out" are innocuous phrases commonly used by players. He testified that those phrases simply slipped out while leaving the messages, but he did not intend them as threats of bodily harm or murder. But different phrases have different meanings depending on their context. We consider "whether a reasonable person of ordinary intelligence would interpret another's statement as a threat, [when] the statement is viewed in light of the surrounding circumstances." *State v. Lacey*, 968 N.W.2d 792, 804 (Iowa 2021) (quoting *State v. Milner*, 571 N.W.2d 7, 10 (Iowa 1997)). The recordings of the phone calls reveal Kucharo to be quite agitated as he yelled and used profanity while leaving the messages. Despite the second call taking place eleven minutes after the first, Kucharo did not appear to have calmed down. During the messages, Kucharo calls the assistant county attorney a liar, rants about a broomstick being used as evidence against him in another case, and makes the comments previously quoted. The recipient of the messages was a

person prosecuting Kucharo for several crimes, not a pool buddy or opponent who may take threats of "elimination" lightly. A rational juror could find that, based on the circumstances surrounding the calls, Kucharo was making threats to seriously injure or kill the assistant county attorney, so there is substantial evidence supporting the second element of the offense.

Kucharo finally argues that the State failed to prove he intended to intimidate, annoy, or alarm the assistant county attorney because he was just using common poolroom phrases. The jury may infer intent "from the 'normal consequences of one's actions.'" *Id.* at 805 (quoting *Evans*, 672 N.W.2d at 331). It is a normal consequence of angry statements like "I will eliminate you" and "I'll take you right on out" that the recipient (especially an assistant county attorney bringing a case against the caller) would be intimidated or alarmed. Considering the contentious relationship between Kucharo and the assistant county attorney and the anger Kucharo displayed, a rational fact finder could conclude that Kucharo intended to intimidate, annoy, or alarm the assistant county attorney, so there is substantial evidence supporting the third element of the offense.

Because the State presented sufficient evidence to support each element of the offense, we reject Kucharo's challenge to the sufficiency of the evidence.

Turning to Kucharo's challenge to his sentence, we first address the State's claim that the challenge is moot before determining whether to proceed to the merits. The State contends the challenge is moot because Kucharo has discharged his sentence. The document supporting the State's contention is a report filed in Kucharo's district court file by the department of corrections (DOC) after Kucharo's notice of appeal was filed. Ordinarily, we do not consider matters

that are not part of the record, which includes those items filed after notice of appeal. *See State v. Holton*, No. 14-1519, 2015 WL 5285767, at *1 (Iowa Ct. App. Sep. 10, 2015) (declining to consider as part of the record district court filings after notice of appeal). However, because mootness is a threshold question, we may consider matters outside the district court record to decide the question. *Vasquez v. Iowa Dep't of Hum. Servs.*, 990 N.W.2d 661, 667 (Iowa 2023).

We find it appropriate to consider the report from the DOC as it is instrumental in deciding the mootness question. The report states that Kucharo has discharged the prison sentence that he now appeals. Kucharo does not challenge the State's claim that he has discharged his sentence. Finding that Kucharo has discharged his sentence, his challenge to his sentence is moot. *See State v. Johnson*, No. 16-0976, 2017 WL 2684342, at *2–3 (Iowa Ct. App. June 21, 2017) (collecting cases and concluding, "Because [the defendant] has discharged his sentence, his appeal is moot"). Having determined his challenge is moot, we do not proceed to the merits of it.

**AFFIRMED.**