# IN THE COURT OF APPEALS OF IOWA

No. 17-0546
Filed April 4, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RICHARD JAMES BURT,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Wright County, Paul B. Ahlers, District Associate Judge.

Defendant appeals his convictions for first-degree harassment, assault causing bodily injury, and trespass causing injury. **AFFIRMED.**

Chad R. Frese, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Richard James Burt appeals his convictions for first-degree harassment, in violation of Iowa Code sections 708.7(1)(b) and 708.7(2) (2015), assault causing bodily injury, in violation of Iowa Code sections 708.1(2) and 708.2(2), and trespass causing injury, in violation of Iowa Code sections 716.7(2)(a)(2) and 716.8(2). We find the evidence is sufficient to uphold his convictions and trial counsel was not ineffective. We affirm the district court.

## I.  Background Facts and Proceedings

Terry McLaughlin is Burt's sister and the executor of their mother's estate. The mother divided her assets between Burt and Terry but placed Burt's portion in trust, administered by Terry. Property located at 2236 Thompson Avenue was part of the mother's estate; the estate property is immediately across the street from Burt's property. Terry and Burt do not get along and have a history of disputes.

In December 2015, Terry asked Burt to remove all of his possessions from the estate property. In April 2016, Burt was served with a notice of no trespass. Terry traveled to the estate property to inspect it, but Burt was already there. Terry returned on June 3 to find "the doorknobs were removed off the doors" and the windows boarded up. While Terry and her husband, Scott, discussed how to enter the property to inspect it, Burt drove "very, very fast" up the driveway, drove his car onto the lawn, jumped out of the car, and began to yell at the McLaughlins.

Terry took pictures with her telephone. Burt continued to yell, kicked Terry to the ground, and said he would kill them and burn down Scott's parent's home if they ever came back to the property. Terry was shaken and believed Burt's threats. They left the property and called law enforcement.

Officers arrived and photographed Terry's leg. Her pants had a boot print similar to Burt's boots, and she also had a large bruise. Sheriff's deputies went to the estate property to investigate. The lawn showed tire marks consistent with Terry's statement. The deputies went to Burt's home to question him. Burt said he had arrived at the property and had been hit in the head with a circular saw. Photographs taken by Terry show Scott holding a circular saw while confronting Burt. Burt also told the deputies Scott had kicked him while he was on the ground. Burt had not resisted because Terry was taking pictures, and Burt assumed the McLaughlins were trying to set him up. The deputies examined Burt and found no injuries on his head or face, and they found no evidence Burt had been kicked while on the ground.

A jury found Burt guilty of all four counts. He was sentenced to four concurrent terms of imprisonment of 365 days. All but sixty days of the sentence were suspended and Burt was given credit for time served. Burt was also placed on probation for a period of two years. The district court imposed fines totaling $1880 along with surcharges. Burt now appeals.

## II. Standard of Review

Claims of insufficient evidence are reviewed for correction of errors at law. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (quoting *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012)). We consider the entirety of the record in the light most favorable to the State, and the verdict will be upheld if it is supported by substantial evidence. *See id.* "Evidence that could convince a trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt is substantial evidence." *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996)

Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).

## III. Sufficiency of the Evidence

Burt first claims the evidence was insufficient to convict him of first-degree harassment. A person commits harassment when they "purposefully and without legitimate purpose, [have] personal contact with another person, with the intent to threaten, intimidate, or alarm that person." Iowa Code § 708.7(1)(b). A person must have the specific intent not merely to have personal contact but to threaten, intimidate, or alarm. *In re D.S.*, 856 N.W.2d 348, 353 (Iowa 2014). Harassment in the first degree further requires "a threat to commit a forcible felony[.]" Iowa Code § 708.7(2)(a). A forcible felony "is any felonious . . . murder [or] arson in the first degree[.]" *Id.* § 702.11.

### a. Legitimate Purpose

Burt claims he had a legitimate purpose for having contact with his sister and, therefore, the evidence was insufficient to convict him of harassment. Burt believed he had an interest in the estate property as he had lived there for several years, it was the family farm that had belonged to his mother, and he was a beneficiary of the property through a trust created in his mother's will. Burt acknowledges the no-trespass notice he received, though he also claims he

believed Terry had no authority to issue the notice, but contends he had a legitimate purpose to communicate with his sister although she "may not have liked what Burt had to say or the manner in which he said it[.]"

Burt's casual dismissal of exactly what he said and how he said it is an attempt to evade the heart of the question. "Because there must be a specific intent to threaten, intimidate, or alarm, the only legitimate purpose that will avoid the criminal status conferred by the statute would be a legitimate purpose to threaten, intimidate, or alarm." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). Burt's only claim of legitimate purpose was in communicating with his sister and her husband. He makes no claim to a legitimate purpose for threatening to kill his sister or burn down her in-law's home. We find Burt had no legitimate purpose.

### b. Conditional Threats

Burt next claims his threats could not constitute harassment as they were conditioned on the McLaughlins returning to the property. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We find Burt did not raise this issue before the district court. Therefore, we find Burt did not preserve error, and we decline to address the question.

### c. Jury Instructions

Burt finally claims the district court erred by refusing to include a jury instruction relating to the defense of justification to the charges of harassment and trespass. If there is substantial evidence of a defense to an offense, "the district court has a duty to give a requested instruction on the defense." *State v. Dunson*, 433 N.W.2d 676, 677 (Iowa 1988). We find Burt made no objection to the proposed jury instructions related to harassment and so did not preserve the issue for review. *See Meier*, 641 N.W.2d at 537.

The district court found there was not substantial evidence to support Burt's defense of justification as to the trespass charge. Burt's objection was overruled. Burt had left personal property at the estate property and he claims "[the district court] seemed to be misguided in its analysis that Burt could not be justified in some fashion in protecting his personal property that was clearly still at the location." Burt was asked to remove his property in December 2015. He did not. Burt was served notice of no trespass in April 2016. Again, he failed to remove his personal property from the estate property. Burt's arguments made little mention of attempting to retrieve his property. Burt entered the estate property, immediately began yelling at the McLaughlins, assaulted them, and threatened them. At no time did he indicate he was attempting to retrieve property or that he had any other legitimate purpose.

Additionally, retrieving personal property intentionally left on another person's property is not a legitimate purpose or defense to trespassing. A person does not commit trespassing when they enter

upon the property of another for the sole purpose of retrieving personal property which has accidentally or inadvertently been thrown, fallen, strayed, or blown onto the property of another, provided that the person retrieving the property takes the most direct and accessible route to and from the property to be retrieved, quits the property as quickly as is possible, and does not unduly interfere with the lawful use of the property.

Iowa Code § 716.7(2)(b)(1). Burt did not come onto the estate property for the sole purpose of retrieving his property, actually, his property was left intentionally, and no evidence was presented to indicate he attempted to take a direct route to retrieve his property. We find there was not substantial evidence to support the inclusion of the justification jury instruction.

## IV. Ineffective Assistance

Finally, Burt claims trial counsel was ineffective for failing to object to hearsay testimony, allowing impermissible character evidence and evidence of irrelevant acts to be admitted, and failing to request an instruction for the defense of justification. Burt is required to prove both a breach of an essential duty by trial counsel and prejudice resulting from the breach. *Jones*, 479 N.W.2d at 272.

Burt's first claim of ineffective assistance asserts trial counsel should have objected to testimony regarding the division of property resulting from his mother's will. The State offered into evidence a letter of appointment naming Terry executor, an order admitting the will to probate, and a court officer's oath. The State further elicited testimony from Terry regarding the provisions of the will. The will itself and the probate inventory were not offered. Burt claims this amounted to hearsay. Hearsay is a statement not made while testifying at the current proceeding that is offered into evidence to prove the truth of the matter asserted. Iowa R. Evid. 5.801(c). We find this evidence was not offered to prove the truth of

the matter asserted. It did not seek to prove specific events had occurred. It was offered to illustrate the effects of those events on the possessory interests of Terry and Burt. Counsel cannot be found to be ineffective for failing to make a meritless objection. *See State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008).

Burt next claims trial counsel was ineffective for failing to enter the will into evidence. Burt claims "the jury was left with the impression that Terry McLaughlin was the one and only arbiter of who could have access to this property." Evidence and testimony at trial showed Terry was the sole executor of the estate. Additionally, it was undisputed Burt's share of the estate was to be held in trust and he had no possessory interest in the property. The will, had it been admitted, would have only served to further prove Terry's status as both sole executor and trustee of Burt's portion of the estate. Therefore, we find Burt is unable to prove prejudice.

Burt also claims evidence regarding the extent of his relationship with his sister was admitted into evidence and was "irrelevant, immaterial, and certainly less probative than prejudicial." Burt does not state how he was prejudiced by the admission of this evidence nor does he cite any authority. We find the issue has been waived. Iowa R. Civ. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.")

Burt finally claims trial counsel was ineffective for failing to request a jury instruction regarding the justification defense on the charge of first-degree harassment. Burt again claims he "may have been justified in his comments to Terry." In order to prove justification, Burt would be required to make a showing of a "legitimate purpose to threaten, intimidate, or alarm." *Evans*, 672 N.W.2d at

331.  During the trial, Burt made no argument claiming he had a legitimate purpose to threaten to murder Terry.  We find no prejudice resulted from counsel's failure to object to the jury instructions.

**AFFIRMED.**