# IN THE COURT OF APPEALS OF IOWA

No. 18-1510
Filed May 1, 2019

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**DEREK A. WESTWATER,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Lee (South) County, Mark E. Kruse,

Judge.

 Defendant appeals his conviction for harassment in the first degree.

**AFFIRMED.**

 Nate Nieman, Rock Island, Illinois, for appellant.

 Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

 Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**PER CURIAM**

Derek Westwater appeals his conviction for harassment in the first degree. We find Westwater failed to show he received ineffective assistance because defense counsel permitted him to plead guilty to a count where there was not a factual basis, as there was a sufficient factual basis for the plea. We affirm Westwater's conviction.

## I. Background Facts & Proceedings

Westwater was charged with four counts of first-degree harassment based on threats he made to Captain Kevin Church while in a holding cell at the Keokuk Police Department. Westwater threatened to physically harm Captain Church, his wife, daughter, and son.

Westwater filed a motion to dismiss, claiming he did not have personal contact with Captain Church's wife, daughter, or son and the charges involving threats against them should be dismissed. The State resisted the motion to dismiss, claiming Westwater threatened four people—Captain Church, his wife, daughter, and son—while in personal contact with Captain Church and this gave rise to the four charges.[1] The district court denied the motion to dismiss.

Westwater subsequently entered into a plea agreement, in which he would plead guilty to one count of first-degree harassment and the State would dismiss the three other charges. In a written guilty plea, Westwater stated:

> In order to provide a factual basis for the plea of guilty the Defendant does admit that on or about the 1st day of May, 2018, in South Lee County, Iowa, I did purposely and without legitimate

---

[1] The State's brief noted Westwater was not charged with threatening statements made to Captain Church while being transported to the police station or while being transported from the patrol car to the holding cell.

purpose have personal contact with Kevin Church with the intent to threaten, intimidate, or alarm Kevin Church, and in doing so did threaten to commit a forcible felony contrary to Iowa Code Sections 708.7(1) and 708.7(2) of the Iowa Criminal Code.

The district court accepted Westwater's guilty plea to first-degree harassment, in violation of Iowa Code section 708.7(2) (2018), an aggravated misdemeanor.

Westwater orally informed the court he wanted to withdraw his guilty plea. He obtained new counsel, and a formal motion in arrest of judgment was filed. Westwater and his previous defense counsel testified at a hearing on the motion. The issue of a factual basis for the plea was not raised. The district court denied the motion in arrest of judgment. Westwater was sentenced to a term of imprisonment not to exceed two years, to be served concurrently with a sentence in a different case. Westwater now appeals, claiming he received ineffective assistance of counsel.

## II. Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, "a defendant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted" to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III. Ineffective Assistance

Westwater claims he received ineffective assistance because defense counsel permitted him to plead guilty to first-degree harassment when there was

not a sufficient factual basis for the charge. Westwater claims there was not a sufficient factual basis to show he intended to threaten, intimidate, or alarm Captain Church by threatening to commit a forcible felony against him. He points out the written plea agreement does not state the specific forcible felony he threatened to commit.

"If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). "[W]e consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014) (citation omitted). "Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).

The State alleged Westwater violated section 708.7(1)(b), which provides, "A person commits harassment when the person, purposefully and without legitimate purpose, has personal contact with another person, with the intent to threaten, intimidate, or alarm that other person." First-degree harassment occurs if a person "threat[ens] to commit a forcible felony." Iowa Code § 708.7(2)(a)(1). "[T]he harassment statute requires that *at the time* the defendant purposefully has personal contact with another, he or she also has the specific intent to threaten, intimidate, or alarm that person." *In re D.S.*, 856 N.W.2d 348, 354 (Iowa 2014).

In the written plea agreement, Westwater stated he "purposely and without legitimate purpose [had] personal contact with Kevin Church with the intent to threaten, intimidate, or alarm Kevin Church, and in doing so did threaten to commit a forcible felony." According to Captain Church's report, attached to the minutes of testimony, "Westwater continued to make threats to myself" while placed in a holding cell. Westwater made threats to rape and kill Captain Church's wife and daughter, made threats of sexual violence against his son, "and ended this with he was going to do the same to me at the end." The report also states, "Westwater knew or reasonably should have known that these threats were made for no other reason than to cause fear or intimidation."

Westwater admitted he had personal contact with Captain Church. *See* Iowa Code § 708.7(7)(b) ("'Personal contact' means an encounter in which two or more people are in visual or physical proximity to each other. 'Personal contact' does not require a physical touching or oral communication, although it may include these types of contacts."). Captain Church was in visual contact with Westwater and heard his oral communications while Westwater was in a holding cell at the Keokuk Police Department, so there is a factual basis for this element of the offense.

In the written plea agreement, Westwater also admitted he purposefully and without legitimate purpose had personal contact with Captain Church. The term "purposeful" in section 708.7(1)(b) has been defined as "[h]aving a purpose; intentional." *D.S.*, 856 N.W.2d at 352 (citation omitted). The Iowa Supreme Court has determined a defendant committed purposeful acts, although the defendant was detained, when the defendant "chose to make the threats, turning the

communication into harassment," and it was the defendant's acts that led to his detention. *State v. Button*, 622 N.W.2d 480, 485 (Iowa 2001). We find there is a factual basis for this element.

The written plea agreement states Westwater had "the intent to threaten, intimidate, or alarm Kevin Church." Harassment is a specific intent offense. *D.S.*, 856 N.W.2d at 352–53. "Because there must be a specific intent to threaten, intimidate, or alarm, the only legitimate purpose that will avoid the criminal status conferred by the statute would be a legitimate purpose to threaten, intimidate, or alarm." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). The statute "does not even require that the victim actually feel threatened, intimidated, or alarmed, only that the defendant act with the intent to cause such a reaction." *State v. Reynolds*, 670 N.W.2d 405, 410 (Iowa 2003). In the minutes, Captain Church's report states, "Westwater knew or reasonably should have known that these threats were made for no other reason than to cause fear or intimidation." The written plea agreement and the minutes provide a factual basis for this element.

Finally, Westwater was charged with first-degree harassment under a theory he threatened Captain Church to commit a forcible felony. *See* Iowa Code § 708.7(2)(a)(1). The written plea agreement states Westwater "did threaten to commit a forcible felony," but does not specify the forcible felony. In the minutes, Captain Church states Westwater made threats to rape, kill, and commit sexual violence against his family, "and ended this with he was going to do the same to me at the end." Forcible felonies are considered to be "any felonious child endangerment, assault, murder, sexual abuse, kidnapping, robbery, human trafficking, arson in the first degree, or burglary in the first degree." *Id.* § 702.11(1).

We conclude there is a factual basis to show Westwater threatened Captain Church with a forcible felony.

We find Westwater has failed to show he received ineffective assistance because defense counsel permitted him to plead guilty when there was not a factual basis for harassment in the first degree, as there is a sufficient factual basis in the record for the offense.

Westwater also claims the district court erred by accepting his guilty plea when there was not a factual basis for the plea. He did not preserve error on this claim because it was not raised in his motion in arrest of judgment. *See State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017) ("If the defendant fails to file a motion in arrest of judgment after the court has informed the defendant of his or her obligation to do so, he or she cannot directly appeal from the guilty plea."). Westwater filed a motion in arrest of judgment but did not raise this issue, and we conclude it has not been preserved.

We affirm Westwater's conviction.

**AFFIRMED.**