# IN THE COURT OF APPEALS OF IOWA

No. 21-0730
Filed April 27, 2022

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**MATTHEW REYNOLDS,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Wapello County, Kirk A. Daily, District Associate Judge.

 Matthew Reynolds appeals from judgment and sentence following his conviction for attempted enticement of a minor. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**

 Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

 Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

 Considered by Schumacher, P.J., Chicchelly, J., and Scott, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCOTT, Senior Judge.**

Matthew Reynolds appeals from judgment and sentence following his conviction for attempted enticement of a minor, asserting there is insufficient evidence to support the conviction, the court abused its discretion in an evidentiary ruling, and the court failed to provide adequate reasons for the sentence imposed. We affirm the conviction, vacate the sentence, and remand to the district court for resentencing.

**I. Background Facts.**

Viewing the evidence in the light most favorable to the State, at about 3:45 p.m. on October 9, 2018, twenty-nine-year-old Reynolds was driving around Eldon, Iowa. As he drove on the main road, West Elm Street, video surveillance records Reynolds's car making a U-turn and slowly approaching a young girl stopped on her bicycle on the sidewalk. Reynold's vehicle pulls up to the curb near the girl, E.D., who looks at him and rides off as her brother A.D. goes by her on his scooter. The children continue on their way easterly on West Elm. After A.D. crosses a street and before E.D. can follow, Reynolds makes a right turn in front of E.D.'s path. E.D. then crosses the street, and she and her brother take a right turn further down the street. Reynolds encounters the children again, turns around and pulls up next to E.D. who has stopped to allow cars to pass. He lowers the passenger side window and tells E.D. to "Get in the car." E.D. then drops her bike and screams at her brother, "Run!" The two children ran to their grandmother's residence, which was nearby, and the grandmother called 911 to report the incident. She conveyed the children's description of the car (blue Pontiac with a black hood) and the man (bearded and wearing a black t-shirt).

A neighbor told responding officers he saw the Pontiac following the children slowly, heard the girl scream, and saw her run.

Shortly after the 911 call, a blue Pontiac with a black hood was pulled over outside of Eldon by emergency responders who were at the scene of an accident and noted the similarity of the car to a description given over the radio. An officer assembled the driver of the Pontiac and two volunteer firemen, all of whom had beards and were wearing black t-shirts. The children and their grandmother were transported to the site and E.D. identified Reynolds as the person who had followed her. A.D. recognized the car.

In interviews with Reynolds, he stated he was just wasting time driving around Eldon while his girlfriend was using the home computer. He first denied seeing E.D. and A.D. but then stated he saw "those kids." He denied speaking with the girl but remembered her screaming. He attributed it to tornado sirens that went off. In a second interview, Reynolds admitted he viewed public masturbation porn earlier in the day on October 9.

Officers also spoke with Reynolds's six-year-old son who was in the car with Reynolds on October 9. The child did not remember anything.

Reynolds was charged with attempted enticement of a minor. Before the jury trial began, the defense moved in limine to exclude evidence obtained in searching Reynolds's cell phone, including this notation:

| | 7/6/2018 22:01(UTC+0) | Play Store | teen dating apps for teenagers |
| | 2/12/2018 22:48(UTC+0) | Play Store | teen dating apps for teenagers 13 |

The State objected, asserting:

It is an extraction from the defendant's phone, showing that the defendant searched for teenage dating sites on the Google Play Store, looking for apps of that nature. The fact that the defendant is willing to—and in one of the searches, it clearly states, (Reading) "Teenage dating sites 13." Defendant looking for dating sites of individuals at the age of 13 is clearly relevant.

. . . .

. . . Defendant's interest in sexual relations with minor children in the past of his search history is clearly relevant . . . and goes to the defendant's intent on the day of the incident and should be admitted as evidence.

The defense asserted, "[T]he alleged victim is not a—is not a teenager on it. These things are so far—with the only minor two entries that there are so far and lapse of time that I feel that they are not relevant to the proceeding and need to be excluded." The court ruled the evidence "would be an exception to [Iowa Rule of Evidence] 5.404 under (b)(2), going to motive or intent."

A jury found Reynolds guilty and, in ruling on the defendant's motion for judgment for directed verdict, the court ruled:

In this case, the primary evidence really is the video of the defendant's vehicle following the minor child. And that evidence really leaves no doubt in the court's mind that the defendant was following the child repeatedly.

In the video his car proceeds in Eldon. The minor child is stopped. His car stops. He immediately goes a short distance, makes a U-turn, and pulls right up next to her and continues to follow her. The evidence presented to the jury was that the defendant did not know the minor child. He continued to follow her and that he made comments to her. There was no contrary evidence to that.

A jury could find from that evidence that the defendant was attempting to entice the minor child. She indicated, she being the minor child, the defendant mentioned something about getting in the car. Those comments, combined with his lack of knowledge as to the child, the continued following of the child as shown on the video, would provide substantial evidence submitting this case to the jury.

I don't think it's necessary to be clarified what that illegal act would be, but the jury could conclude the defendant continuing to follow a minor child, that was clearly a minor riding a bike, whom he did not know, making comments to her, continuing to follow her, did evidence a specific intent, and that any actions that his trying to get

her into the car would not have been legal.

Reynolds was sentenced to a two-year indeterminate term of imprisonment. He now appeals, contending there is insufficient evidence to support the conviction, the court abused its discretion in allowing the dating app evidence, and the court failed to provide adequate reasons for the sentence imposed.

**II. Scope and Standards of Review.**

Our review of sufficiency-of-the-evidence claims is for errors of law. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). The jury's verdict binds this court if it is supported by substantial evidence. *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *Id.*

We review evidentiary errors and the district court's sentencing decisions for an abuse of discretion. *See State v. Thoren*, 970 N.W.2d 611, 620 (Iowa 2022) (evidentiary issues); *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003) (sentencing). "A district court abuses its discretion when it bases its decisions on grounds or reasons clearly untenable or to an extent that is clearly unreasonable . . . [or] if it bases its conclusions on an erroneous application of the law." *Thoren*, 970 N.W.2d at 620 (alterations in original) (citation omitted).

**III. Discussion.**

*A. Sufficiency of the evidence.* The jury was instructed in order to prove Reynolds committed attempted enticement of a minor, the State was required to establish:

(1) On or about the 9th day of October, 2018, the defendant attempted to entice E.D.[1]

(2) The defendant did so with the specific intent to commit an illegal act upon E.D.

(3) The defendant committed an overt act evidencing his purpose to entice E.D.

(4) At the time defendant attempted to entice E.D., either:

(a) E.D. was a minor under the age of sixteen; or

(b) the defendant reasonably believed E.D. was under sixteen years of age.

The jury determined Reynolds was guilty of attempted enticement of a minor. The jury also returned a special verdict form finding Reynolds's illegal activity was not sexually motivated. On appeal, Reynolds asserts there is insufficient evidence of his specific intent to commit an illegal act upon E.D.

"Specific intent is present when from the circumstances the offender must have subjectively desired the prohibited result." *State v. Fountain*, 786 N.W.2d 260, 264 (Iowa 2010) (citation omitted). Intent can be inferred from an act's natural consequences. *State v. Taylor*, 689 N.W.2d 116, 132 (Iowa 2004).

"[W]e are highly deferential to the jury's verdict." *State v. Mathis*, ___ N.W.2d ___, ___, 2022 WL 815068, at *1 (Iowa 2022). "[W]e view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted).

---

[1] The jury was instructed:

To "entice" means to wrongfully invite, tempt, solicit, lure, coax, seduce, or persuade a person to do a thing. In determining whether the defendant enticed another, you must look not only to the actions and conduct of the defendant, but also to the impact of those actions upon the victim.

We agree with the district court the jury could infer from Reynolds's actions of following a minor child he did not know and telling her to get into his car that he intended to commit an illegal act—he had no legitimate reason to tell the child to get into his car. *See State v. Quinn*, 691 N.W.2d 403, 407–08 (Iowa 2005). Substantial evidence supports the jury's verdict.

*B. Dating app evidence.* The State introduced and the district court allowed the dating app evidence as relevant to Reynolds's motive or intent.[2] Whether Reynolds's conduct was sexually motivated was a question presented to the jury. Dating apps for teenagers—when searched by a teenager—would not necessarily have any sexual implications. However, when an adult makes such a computer search, a jury might infer ongoing improper sexual intent with young people.

Nevertheless, even if we assume the district court abused its discretion in allowing the dating app evidence as relevant to Reynolds's intent, "[w]hen a district court commits a nonconstitutional error by admitting evidence it should have excluded, we do not reverse the defendant's conviction if the error was harmless." *Thoren*, 970 N.W.2d at 636. "The test for harmless error 'is whether the rights of the objecting party have been 'injuriously affected by the error' or whether the party has 'suffered a miscarriage of justice.'" *Id.* (citation omitted).

The record before us establishes Reynolds did not suffer a miscarriage of justice. In closing, the State noted that if the jury found Reynolds guilty of attempted enticement it was to consider whether his actions were sexually motivated. The prosecutor argued:

---

[2] *See generally Thoren*, 970 N.W.2d at 624–26 (discussing admissibility of evidence via rule of evidence 5.404(b)).

So what do we know?  Well, we know that the defendant admitted to viewing public masturbation porn before the events of that day.  You saw the Cellebrite searches from the defendant's phone, where—those searches for teenage dating sites on two separate occasions that year, and given his specific actions of following the victims and the defendant's behavior and those actions, there is no other motivation that makes sense given the defendant's conduct.

But the jury was not convinced Reynolds's conduct was sexually motivated, which belies his claim on appeal that the evidence was unduly prejudicial.  And again, we note the jury could infer Reynolds had no legitimate reason to tell an unknown young girl to get in his car.  We affirm the conviction.

*C. Sentencing.* Finally, Reynolds maintains the district court abused its discretion in failing to give adequate reasons for the sentence imposed.  A court is to consider all pertinent matters in determining a sentence including the nature of the offense, the attending circumstances, defendant's age, character, propensities, and chances of his reform.  *See State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002).  "Iowa Rule of Criminal Procedure 2.23(3)(d) requires a sentencing judge to state the reasons for a particular sentence on the record.  Although the reasons do not need to be detailed, they must be sufficient to allow appellate review of the discretionary action."  *Evans*, 672 N.W.2d at 331–32.

The sum and substance of the district court's reasons for the sentence imposed here were stated on the record:

> As I indicated from the evidence, particularly the video in this case, I don't accept what you're telling me.  The jury didn't accept that statement.  I think it was clear as day that you were following this child and that is a parent's worst nightmare.
> And it's the finding of the court you should be and you are hereby committed to the director for a period not to exceed two years.

The written judgment offers no additional insight.

We are unable to determine whether the district court properly considered relevant factors. Nor are we able to determine if the court exercised its discretion or employed a fixed policy. We conclude the court abused its sentencing discretion. Therefore, we vacate the sentence and remand to the district court for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**