# IN THE COURT OF APPEALS OF IOWA

No. 21-1300
Filed June 29, 2022

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**DEANTHONY ALLEN ECHOLS,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.

A defendant challenges his prison sentence. **AFFIRMED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**TABOR, Judge.**

The sentencing court considered Deanthony Echols's disrespect toward his childrens' mothers "very disturbing." Echols pleaded guilty to two counts of domestic abuse assault and harassment in the first degree. The court sentenced Echols to a prison term not to exceed two years. He now claims the court abused its discretion in not granting probation. Because the court weighed many factors, including the need to deter future violence against the two victims, we find a proper exercise of discretion and affirm the sentence.

### I.      Facts and Prior Procedures

Twenty-four-year-old Echols has a child in common with both P.D. and S.R. In separate incidents, Echols committed acts of aggression against both women.

In May 2020, Echols confronted S.R. at her home, bludgeoned her car, bit her neck, and struck her with a chair. The State charged Echols with domestic abuse assault with a weapon.[1]

Then in September, Echols messaged P.D: "I'm just coming to your house to kill you." After P.D. contacted police, the State charged Echols with harassment in the first degree. And there is more.[2] One month later, Echols showed up at P.D.'s home "purportedly to retrieve items belonging to him." According to the

---

[1] The State also charged Echols with criminal mischief in the second degree but dismissed that charge as part of the plea agreement.

[2] The State also brought charges for two other incidents. First, Echols allegedly tackled and strangled P.D., leading to a charge of domestic abuse assault impeding air or blood flow causing bodily injury. Next, he attacked P.D. in her bed, leading to a charge of burglary in the first degree. The State dismissed both those charges as part of the plea agreement.

minutes of testimony, while there, he struck P.D. in the face, causing a laceration. The State charged Echols with domestic abuse assault causing bodily injury.[3]

In all, Echols faced seven charges stemming from his criminal acts directed at S.R. and P.D. The State and Echols reached a plea agreement. The State dismissed four counts, and Echols pleaded guilty to three offenses: (1) domestic abuse assault with a weapon, (2) domestic abuse assault causing bodily injury, and (3) harassment in the first degree.

At the sentencing hearing, Echols asked the court for two days of credited jail time, minimum fines, and work release. As part of the plea agreement, the State did not recommend a particular sentence.

Even without the State's recommendation, Echols's mistreatment of these victims disturbed the court. The court reasoned:

> We have two counts, two different cases, both involving domestic abuse, and they each involve different victims. . . . [Y]ou don't seem to understand that when you're in a relationship, that is a person the legislature has deemed to require be worthy of additional protections, and that that should be the case. I understand that you have had a certain relationship with both of these women at different times, and they probably have a greater right to expect you to treat them more respectfully than what you have done.

Given those circumstances, the court did not find probation to be an appropriate sentence. So the court sentenced Echols to two indeterminate two-year prison terms, to run concurrently. It challenged Echols to become a better parent:

> If you want to continue to be a person who perpetrates domestic violence and be in and out of jail or prison for the remainder of your life, or if you want to be a good father and a good significant other to whomever you're in a relationship with. Ultimately, that decision will be yours.

---

[3] The State also charged Echols with theft in the fourth degree but dismissed the charge as part of the plea agreement.

Echols now appeals his sentence. He "bears the burden of establishing 'good cause' to pursue an appeal of [his] conviction based on a guilty plea." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). Good cause exists when a defendant appeals the sentence rather than the guilty plea. *Id.* at 105.

## II. Standard of Review

We review Echols's sentence for an abuse of discretion. *See id.* at 103. We will find an abuse if the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). Unless the court fails to exercise its discretion or considers inappropriate matters, we rarely find abuse. *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). In other words, we entertain a strong presumption in favor of the sentencing court's decision. *Id.* Echols bears the "heavy" burden of overcoming this presumption. *See id.*

## III. Analysis

A sentencing court must examine "all pertinent information" and then determine an authorized sentence providing the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2020). It should consider the societal goals for sentencing a criminal offender, like rehabilitation and community protection. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And it must consider an offender's age, chances of reform, employment status, family circumstances, character and propensity, the nature of the offense, attending circumstances, and other relevant factors. *Id.* at 725.

Echols claims that the sentencing court relied on the nature of his offenses at the expense of other necessary factors. *See State v. Dvorksy*, 322 N.W.2d 62, 67 (Iowa 1982). He contends that rather than weigh all the factors, the court focused on the disrespect of the victims underlying the domestic abuse assaults and relied on boilerplate statements for the remaining considerations.

We disagree with Echols's contentions. The sentencing court weighed the necessary factors when sentencing Echols. For instance, the court acknowledged Echols's age, just not as a mitigating circumstance. That is, the court told Echols that he was old enough to behave better: "You're 24 years old. You should know that violence of this type is inappropriate." The court also noted that the offenses "each involve different victims." Those attending circumstances were proper considerations. *See State v. Millsap*, 704 N.W.2d 426, 435 (Iowa 2005) ("The existence of two victims is clearly a circumstance of the crime.").

True, the offenses' disrespectful natures disturbed the sentencing court. And in that vein, the court found a prison term necessary to "deter this type of conduct in the future." But "[p]art of the court's sentencing responsibility was to determine whether its sentence would deter defendant from future offenses." *See State v. Wright*, 340 N.W.2d 590, 594 (Iowa 1983). The court did not abuse its discretion in highlighting the nature of the offense and attending circumstances. A court need not mention each sentencing factor it considered. *State v. Bradley*, No. 21-1149, 2022 WL 1488545, at *2 (Iowa Ct. App. May 11, 2022) (citing *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995)). Resentencing is not necessary.

**AFFIRMED.**