# IN THE COURT OF APPEALS OF IOWA

No. 21-0378
Filed August 3, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DENNIS EUGENE COOPER JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Mahaska County, Crystal S. Cronk,

Judge.

        The defendant appeals the imposition of consecutive sentences.

**AFFIRMED.**

        Jeffrey L. Powell of Powell & McCullough, PLC, Coralville, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.

        Considered by Tabor, P.J., Badding, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**TABOR, Presiding Judge.**

Dennis Cooper, Jr., pleaded guilty to two counts of second-degree sexual abuse and one count of third-degree sexual abuse. The district court sentenced him to a prison term not to exceed sixty years (twenty-five plus twenty-five plus ten). Cooper contends the court did not give adequate reasons for imposing consecutive sentences. Finding ample rationale in the sentencing colloquy, we affirm.

We review Cooper's sentencing claim for an abuse of discretion. *See State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983). Abuse occurs only when the court "exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). Sentencing decisions have a strong presumption in their favor. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). A sentence should provide the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community." Iowa Code § 901.5 (2021). To that end, the court must "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). Further, the court must explicitly state the reason for imposing consecutive terms, though it may rely on the same reason as it did in arriving at the general sentence. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

Cooper's appeal consolidates two cases against young family members. His first plea admitted second-degree sexual abuse of a girl who was seven or eight years old, and another offense when the same girl was around nine. His second plea involved a different victim, who was suffering from a mental defect or incapacity. As part of the plea agreement, the State dismissed six other counts.

And the parties were free to argue whether the terms of incarceration should be concurrent or consecutive.

For sentencing, the parties stipulated to the inclusion of the first victim's deposition and Child Protection Center interview. The child detailed Cooper's regular and continuous sexual abuse over ten years. Beyond the crimes to which Cooper pleaded, he stipulated he "committed other acts of sexual abuse against [the younger victim] and those other acts may be considered by the court to determine appropriate sentence." The State also presented an impact statement from the older victim. In mitigation, Cooper presented a psychological evaluation describing him as "below average" for "risk to recidivate." But the psychologist also reported how Cooper "often minimized the seriousness of his actions and perceived that their sexual relationships were consensual in nature." He exhibited "difficulty recognizing responsibility and awareness of his actions."

The court prefaced its decision with the proper framework:

> Mr. Cooper, I want to inform you that I have considered all of the sentencing options provided for in the Iowa Code, and my judgment relative to sentence is based on that which would provide maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others.

And after surveying evidence in the record, the court decided to boxcar all three sentences:

> In determining that a consecutive sentence is appropriate in this case, I've considered the age of the victims, the length of the abuse that occurred, your actions in grooming and maintaining a relationship with those victims, the harm to the victims, the victim impact statement presented here today, the maximum opportunity for your rehabilitation, protection of the community from further offenses by you and others, your age, prior record, employment and family circumstances, the nature of the offenses committed, the

terms of the plea agreement, the financial condition of yourself, the separate and serious nature of these offenses.

Cooper complains that the court's explanation is inadequate and "could be described as boilerplate." Yet the sentencing court's rationale need not be elaborate. Even a "'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted).

Here, the sentencing court's explanation enables appellate review. Far from "boilerplate," the court articulated specific reasons supporting the maximum sentence imposed. In particular, the court noted the young ages of the victims, the longevity and persistence of the sexual abuse, the calculation and deliberation involved in grooming the victims for the sex acts, and the profound impact the crimes had on them—as one victim shared in her impact statement. The egregiousness of Cooper's actions is an appropriate basis for the court to determine that consecutive sentences for all three counts was necessary to maximize his chance of rehabilitation and to protect his victims and the community. The court properly exercised its discretion. So we affirm the convictions and sentences.

**AFFIRMED.**