# IN THE COURT OF APPEALS OF IOWA

No. 21-1761
Filed August 17, 2022


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN PAUL PARKER,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Dallas County, Randy V. Hefner, Judge.


The defendant appeals the imposition of consecutive sentences.
**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**


Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Justin Parker pleaded guilty in separate cases to assault while displaying a dangerous weapon and second-offense operating while intoxicated (OWI), both aggravated misdemeanors. In a combined sentencing hearing, the district court imposed two consecutive two-year prison terms. Parker now contends the court did not provide a rationale for the four-year indeterminate sentence. Seeing no reasons offered on the record for the consecutive terms, we vacate and remand for resentencing.

We review Parker's sentencing claim for an abuse of discretion. *See State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983). Abuse occurs only when the court "exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). A sentence should provide the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community." Iowa Code § 901.5 (2021). To that end, the court must "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). Further, the court must explicitly state the reason for imposing consecutive terms, though it may rely on the same reason as it did in arriving at the general sentence. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

Parker does not dispute that the court gave reasons for sending him to prison rather than suspending the sentences. But he contends the court abused its discretion by failing to explain why it imposed consecutive sentences.

The plea agreement anticipated sentencing recommendations from each side. The State urged the court to impose consecutive prison sentences. In doing

so, it emphasized the brutal nature of the assault.[1]  Plus, while the assault case was pending, Parker received the OWI charge.  The State argued picking up the new charge showed Parker's "lack of regard for the rule of law, . . . the court's authority, . . . [and] the safety of the citizens of this county."  The State also cited his recent convictions for felony theft and drug charges in Cass County.  The State highlighted Parker's lack of success on probation.  And it ventured: "Rehabilitation will not be served by the goals of community-based probation, and that is why the State recommends imposition of two-year sentences on each and believes that the sentences should be consecutive in nature because the defendant has an extensive criminal history and does not learn from prior mistakes."[2]

Next up, defense counsel acknowledged that Parker had "picked up cases in multiple counties and is now in the process of having to pay the piper."  Counsel clarified that Parker received a suspended ten-year sentence on the theft and drug charges in Cass County.[3]  Counsel asked for probation and placement in a residential facility so that Parker could pursue treatment for his methamphetamine

---

[1] Parker admitted beating the victim in the head with "a table leg that had been fashioned into a club."

[2] Parker's criminal history includes a felony conviction for willful injury; two prior OWIs; third-degree attempted burglary (with probation revoked); child endangerment; two separate convictions for second-degree harassment; first-degree harassment; domestic abuse assault; third-degree criminal mischief; and a felony drug charge.

[3] Defense counsel also mentioned that Parker recently pleaded guilty to a felony in Adams County and anticipated receiving a suspended sentence under the plea agreement.  As it turns out, Parker received a prison sentence on that conviction, which we upheld on appeal.  *State v. Parker*, No. 21-1923, 2022 WL 2347503, at *3 (Iowa Ct. App. June 29, 2022).

addiction. If the court chose to send Parker to prison, the defense "request[ed] concurrent sentencing."

In his allocution, Parker told the court that he had just turned forty years old, had not worked for roughly three years, and had two sons, ages twelve and eighteen. Prompted by the court, Parker acknowledged he wasn't setting a very good example for them. Parker told the court he was trying to address his substance-abuse problem and needed the structure of an inpatient treatment facility.

After that exchange, the court listed the sentencing factors from Iowa Code section 907.5 and accepted the recommendation against probation:

> In considering an appropriate sentence I will consider your age, your prior record, your employment circumstances, your family circumstances, and the nature of the offenses.
> In this particular case I do believe that the State's recommendation is the appropriate sentence. You've been given plenty of opportunity to dig yourself out of that hole. And you strike me as a person who is sincere as you sit here today, but I'm sure you appeared sincere to other judges who have sentenced you before, given you an opportunity at community based corrections.

The court then turned to the assault charge:

> [I]t is the judgment and sentence of this court that you are hereby adjudicated guilty of the crime of assault using or displaying a dangerous weapon, an aggravated misdemeanor. With respect to that count you are sentenced to serve an indeterminate term of incarceration of not to exceed two years.

The court instructed Parker to pay the applicable fines, fees, and victim restitution. It then ordered that Parker have no contact with the assault victim.

Following that, the court imposed a prison sentence not to exceed two years on the OWI charge. The court stated: "That prison sentence will be consecutive

to the prison sentence imposed earlier with respect to the assault charge. And it's also consecutive to the sentence imposed in Cass County."[4]

On appeal, Parker contends "the court did not provide any reasons for imposing consecutive sentencing." In response, the State insists "the court's reasoning, though short, conveyed its agreement" with the prosecutor's recommendation for back-to-back terms.

In weighing their positions, we recognize a sentencing court's rationale need not be elaborate. Even a "'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted). Still, we must be sure that the court's stated reasons apply to both its decision to reject a suspended sentence and its decision to run the sentences consecutively. *See Hill*, 878 N.W.2d at 274–75.

While asserting that Parker was "a danger to the community," the State blended its argument against probation with its argument for consecutive sentences. So, when the court said, "the State's recommendation is the appropriate sentence," it was unclear whether it was adopting the State's rationale for incarceration or for consecutive terms. The court's subsequent reference, with some skepticism, to Parker's previous chances at community-based corrections did not help. Ditto for the court's generalized statement that it considered Parker's age, prior record, employment, family circumstances, and the nature of the

---

[4] The court filed written sentencing orders the same day. Those orders do not express whether the sentences were consecutive or concurrent. In an order nunc pro tunc, the court clarified that "[t]his [assault] sentence shall be consecutive to OWCR044420 and to Cass County FECR016401 and FECR016603."

offenses.[5] "In considering the distinct question of whether to run sentences consecutively or concurrently, the district court must be careful to avoid mere boilerplate recitation and demonstrate an exercise of reasoned judgment." *Id.* at 277 (Appel, J., concurring specially).

In fact, the court did not mention that the prison terms would run consecutively until it imposed sentence on the OWI. At that point, the court gave no reason for rejecting Parker's request for concurrent sentences. Nor is the decision explained elsewhere in the record, including the written orders. On this record, we cannot discern the court's rationale, preventing our review of its decision. *Id.* at 274. It was not enough for the court to say that it agreed with the State's recommendation. Courts must "explicitly state the reasons for imposing a consecutive sentence." *Id.* at 275. Because that did not happen here, we vacate the sentences and remand for resentencing.

**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

---

[5] On appeal, the State stresses that the court said "offenses" plural, "noting its reasoning applied to *both* cases." But that nuanced reference is far from an "explicit" reason for consecutive sentences as required by *Hill*.