# IN THE COURT OF APPEALS OF IOWA

No. 22-0244
Filed February 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID LEE MILLER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Mark E. Kruse, Judge.

A defendant appeals his consecutive sentences. **AFFIRMED**.

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau (until withdrawal) and Ella M. Newell, Assistant Appellate Defenders, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**TABOR, Presiding Judge.**

A jury convicted David Lee Miller of two counts of delivery of methamphetamine in an amount over five grams, one count of delivery of methamphetamine in an amount under five grams as a habitual offender,[1] and one count of failure to affix a tax stamp. The district court sentenced him to indeterminate prison terms of twenty-five, twenty-five, fifteen, and five years. The court ordered all terms to be served concurrently. Except for the fifteen-year sentence—which the court ordered to be served consecutively. Miller contends the court did not provide adequate reasons for imposing consecutive sentences and abused its discretion in imposing these sentences. Finding ample rationale in the sentencing colloquy, we affirm.

We review Miller's sentencing claim for an abuse of discretion. *See State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983). Abuse occurs only when the court "exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). Sentencing decisions enjoy a strong presumption in their favor. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). A sentence should provide the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community." Iowa Code § 901.5 (2021). To that end, the court must "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). Further, the court must explicitly state the reason for imposing consecutive terms, though it

---

[1] Miller stipulated to having two prior felony convictions.

may rely on the same reason as it did in arriving at the general sentence. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

Miller's appeal arises from a series of controlled drug buys. He sold methamphetamine to a confidential informant three times. He increased the amount he sold each time. As a result, the State tried Miller for three counts of methamphetamine delivery and a drug tax stamp violation. The jury found him guilty as charged.

The district court sentenced Miller to a prison term not to exceed forty years—with concurrent terms of twenty-five years, twenty-five years, and five years running consecutively to a term of fifteen years. On appeal, Miller contends that the court abused its discretion by not stating adequate reasons for imposing consecutive sentences. Miller further contends that the court abused its discretion by imposing those consecutive sentences. In his view, "[a] prison sentence of 25 years with a one-third minimum is more than adequate to address defendant's drug addiction as well as fulfill other objectives of rehabilitation."

Neither of Miller's contentions find support in the record. First, the district court prefaced its decision with the proper sentencing framework:

> The Court has considered all the sentencing provisions provided in Iowa Code Chapters 901 and 902. The following sentence is based upon my judgment of what will provide the maximum opportunity for your rehabilitation, at the same time protect the community from further offenses by you and others.
> I have specifically considered, sir, your age, family circumstances, job history, educational history, prior criminal record, factors set forth in the presentence investigation not pertaining to any risk assessment because it wouldn't apply in this case. I considered all those factors, the statements made here today.

The court then decided to impose a mixture of concurrent and consecutive sentences, based on its consideration of those same factors:

> Acting pursuant to Section 901 and 902 of the Code of Iowa, the Defendant does stand convicted of the charges of Delivery of Methamphetamine, more than five grams, a class B felony in Counts I and II; he stands convicted of Delivery of Methamphetamine, less than five grams, as a habitual offender, in Count III; and the Drug Tax Stamp violation in Count IV . . . . Considering all the factors, Counts I, II, and IV will run concurrent with each other. Count III will run consecutive.

Next, the court elaborated on the considerations behind its exercise of discretion:

> [T]he Court does consider these very serious offenses. Methamphetamine is always considered—its sale, use, has been condemned multiple times by all kinds of courts. The problems it causes in society, the problems it causes to kids, to adults, everybody, is well documented by all those decisions. Your prior criminal record is not good. . . . I don't consider dismissed charges and that other charge that was mentioned; however, you have a lengthy criminal history and it just continues. It doesn't seem like you've done much with your life to this point and then you sell, sell, sell, and then—within a very short period of time and got caught, and that is not good for the community. It is a definite danger to the community. I believe the sentences are appropriate in this case.

Finally, at the end of the sentencing colloquy, the court reiterated its reasons for imposing consecutive sentences:

> I also need to bring up the concurrent/consecutive [issue]. Again . . . everything's concurrent with the exception of III. Again, these are separate, distinct instances where you can make a decision regarding what you want to do, and you chose to do what you chose to do, which is deliver . . . methamphetamine, a very dangerous drug.
> Also take into account all those other factors in . . . running the two big ones concurrently. I do take into account . . . that you do have a high school diploma. You do have some promise; however, your actions within a very short period of time were quite concerning to the Court.

Miller complains that the district court abused its discretion by not stating the reasons for imposing consecutive sentences. But a complete review of the

record shows that the court did, in fact, state its reasons for imposing consecutive sentences. The sentencing court's rationale need not be elaborate. Even a "'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted).

Here, the sentencing court's explanation enables appellate review. The court articulated specific reasons supporting the imposition of consecutive sentences. In particular, the court noted the serious nature of Miller's convictions for repeated methamphetamine dealing—a pattern of conduct the court characterized as harmful to the community—and Miller's "lengthy" criminal history, which spanned an eighteen-year period and included other methamphetamine convictions.[2] The court's decision to impose consecutive sentences was not clearly untenable or unreasonable. The seriousness of Miller's offenses and his substantial criminal history were appropriate bases for the court to determine that consecutive sentences were necessary to maximize his chance of rehabilitation and to protect the community. The court properly exercised its discretion. Thus, we affirm the convictions and sentences.

**AFFIRMED.**

---

[2] Miller's criminal history includes, among other things, convictions for carrying weapons, second degree theft, third degree burglary, criminal trespass, escape of a felon, assault while displaying a dangerous weapon, control of a firearm/offensive weapon by a felon, and possession of a controlled substance.