# IN THE COURT OF APPEALS OF IOWA

No. 22-0566
Filed March 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JULIA ANN COX,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Shawn R. Showers, Judge.

Julia Cox appeals the consecutive sentences imposed following her guilty pleas to abuse of a corpse and accessory after the fact. **AFFIRMED.**

Jeffrey L. Powell of Powell & McCullough, PLC, Coralville, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Greer, P.J., Chicchelly, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DANILSON, Senior Judge.**

Julia Cox appeals the sentences imposed following her guilty pleas to abuse of a corpse and accessory after the fact, contending the district court "failed to give adequate reasons for consecutive sentences." Finding ample rationale in the sentencing colloquy, we affirm.

## I.    Background Facts and Proceedings

Cox's son murdered Michael Williams. *See State v. Vogel*, No. 21-1931, 2023 WL 1810032, at *3–5 (Iowa Ct. App. Feb. 8, 2023) (affirming Steven Vogel's convictions for first-degree murder and abuse of a corpse). Following the murder, Williams' body was transported from Cox's home to a rural area and found "burning in the ditch." *See id.* at *2.

In connection with the aftermath of the murder, Cox eventually pled guilty to abuse of a corpse, in violation of Iowa Code section 708.14(1)(b) (2020), and accessory after the fact, in violation of Iowa Code section 703.3. Cox's plea admitted her involvement in "hid[ing] a human corpse with the intent to conceal a crime (murder)" committed by Vogel, "with the intent to prevent the apprenhension of . . . Vogel." Following a sentencing hearing, the district court imposed consecutive five- and two-year prison terms. Cox appeals.

## II.    Standard of Review

Because the sentence imposed by the court was within the statutory limits, we review Cox's sentencing claim for an abuse of discretion. *See State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983). An abuse of discretion occurs "when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). Sentencing

decisions enjoy a strong presumption in their favor. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

### III. Discussion

On appeal, Cox contends the district court's "explanation for why the sentences were run consecutive" was "boilerplate" and failed to "show why [the] particular sentence was imposed." Cox's contention is not supported by the record. Setting forth its reasons for Cox's sentence, the court stated in relevant part:

> Ms. Cox, I've considered all the sentencing options provided for in chapters 901 and 907, specifically 907.5, and my judgment relative to sentence is based on what would provide maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others.
>
> By law, I'm allowed to consider your age. You're not a youthful offender; your prior criminal history, which recently hasn't been as bad, but there is a prior tampering charge and theft and drug offenses on your record; your family circumstances, which much of that is the reason you're where you're at; the nature of the offense committed; and the harm to the victim.
>
> The theme for this crime that you participated in and attempted to help cover up is how one precious life can be taken and then how many more can be shattered. Because the theme of this case to me is just how many lives have been shattered by your actions, your son's actions, your boyfriend's actions, and the actions of others in trying to evade the law, breaking the law, not respecting human life. Your need for rehabilitation and potential for rehabilitation is very important and required by me to be analyzed in sentencing you. And one line from the [presentence investigative report] PSI that stood out for me was that you just want it to be over with and move on from here. Well, Michael Williams doesn't get to do that, and his family doesn't get to do that.
>
> I did review your documents filed for today, and I just think to myself if your son was—if you knew he was a violent drug offender, you should have turned him in when that body was in the basement for four days. Because of that and because the overriding theme that I'm concerned with in sentencing you is to prevent others from doing these sort of things in the future, deterrents, prison is actually the best for your rehabilitation.
>
> . . . .

The sentences just imposed shall be served consecutively to each other based on the serious nature of the offenses, based on your attempt to cover up this heinous act.

A sentence should provide the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community." Iowa Code § 901.5. A sentencing court must state its reasons for imposing a particular sentence on the record. *See* Iowa R. Crim. P. 2.23(3)(d). This includes its reasons for imposing sentences consecutively or concurrently, although it may rely on the same reason as it did in arriving at the general sentence. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016); *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

Upon our review of the record, we conclude the court prefaced its sentencing decision by consideration of the proper factors and included its reasons for imposing consecutive sentences. *See Barnes*, 791 N.W.2d at 827. The reasons "need not be detailed" but must provide "at least a cursory explanation" of the court's thought process. *Id.* at 827. Here, the court noted "the serious nature of the offenses," including Cox's attempt to "cover up" her son's "heinous act" and her failure to "turn[ ] him in when that body was in the basement for four days." Contrary to Cox's reliance on *Hill,* 878 N.W.2d at 275, the court's sentencing decision is based on reasons specific to Cox and the court's explanation enables appellate review.

The court's decision to impose consecutive sentences was not clearly untenable or unreasonable. Because the court properly exercised its discretion, we affirm Cox's convictions and sentences.

**AFFIRMED.**