# IN THE COURT OF APPEALS OF IOWA

No. 24-1713
Filed September 4, 2025

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**QIUINYANA NARE JONES,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

　　　　A criminal defendant appeals her sentences, arguing the district court abused its sentencing discretion. **AFFIRMED.**

　　　　Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

　　　　Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

　　　　Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

Qiuinyana Jones appeals her sentences for operating a motor vehicle while intoxicated, eluding law enforcement, accessory after the fact, and conspiracy to commit a forcible felony, arguing the district court abused its discretion in considering that a death not resulting from Jones's conduct occurred and in denying her request for a suspended sentence. The district court did not abuse its discretion in considering part of the circumstances giving rise to offenses for which Jones was charged nor in declining her request for a suspended sentence. We affirm.

## I.    Background Facts and Procedural Posture

In January 2022, Cedar Rapids police responded to a shooting at a residence on 31st Street Drive SE, where they found Cordal Lewis dead from a fatal gunshot wound. Surveillance footage from a nearby home showed a tan Chevrolet Impala arriving at the scene shortly after 2:20 p.m. Investigators later identified Jones as the driver of that vehicle. The footage and witness accounts indicated Jones transported two individuals to the residence, left briefly, and then returned. Upon re-entering the home, she was observed carrying drinks and snacks. When she departed a short time later, she left in the Impala with the gunman.

Jones was initially charged with first-degree robbery and accessory after the fact. While on pretrial release, she was arrested for operating a motor vehicle while intoxicated (OWI) and for eluding law enforcement, in violation of her release conditions. The State later amended the charges to include conspiracy to commit a forcible felony. In August 2024, Jones entered an Alford plea to the conspiracy

charge and pled guilty to accessory after the fact. As part of the plea agreement, the State dismissed the robbery charge. She separately pled guilty to the OWI and eluding offenses.

At sentencing in October 2024, the district court imposed concurrent terms of five years and one year for the OWI and eluding convictions, and consecutive sentences of ten years and two years for the conspiracy and accessory convictions, resulting in a total sentence not to exceed seventeen years.

During the hearing, Jones presented evidence and argument to show she had no prior knowledge a shooting would occur. She contended she merely drove others to the residence, left, and later returned unaware of the impending violence. She argued her role was limited and highlighted steps she had taken to stabilize her life, including securing employment and housing. She also acknowledged responsibility in part and expressed regret for the victim's family's loss.

The prosecution emphasized the seriousness of the underlying crimes, noting that Jones's actions facilitated a robbery that culminated in a homicide. The State also pointed to her violations while on pretrial release and her failure, in its view, to demonstrate genuine remorse. The sentencing court considered these factors, along with Jones's age, family circumstances, and presentence investigation (PSI), before imposing incarceration rather than probation.

Jones appeals arguing that the district court wrongly punished her as if she caused the victim's death and overlooked strong mitigating factors. The State responds that the court was entitled to treat the death as part of the crime's circumstances and correctly found her unsuitable for probation.

## II.     Analysis

Jones asserts the district court improperly created "a causal connection between her conduct and the death of Mr. Lewis." She contends that because she did not plead guilty to homicide the district court abused its discretion in considering an impermissible factor during sentencing and put significant weight on that factor. If true, we must remand for resentencing. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses."); *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) ("If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required. This is true even if it was merely a 'secondary consideration.'" (citation omitted)).

"Appellate review of the district court's sentencing decision is for an abuse of discretion. An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003) (citation omitted). When a defendant challenges the sentence imposed by arguing the district court relied on impermissible sentencing factors, we will only reverse if such improper considerations are apparent from the record. *See Formaro*, 638 N.W.2d at 725. Jones bears the burden of "affirmatively demonstrat[ing] that the sentencing court relied on an improper factor." *State v. Canady*, 4 N.W.3d 661, 675 (Iowa 2024). "In our analysis of the consideration-of-impermissible-factors issue on appeal, we

are only able to look at the words used by the sentencing court." *State v. Jenkins*,

No. 15-0589, 2015 WL 8367810, at *5 (Iowa Ct. App. Dec. 9, 2015).

Here, the district court stated:

> I have considered the statute or the relevant factors under Iowa law, the ability to rehabilitate Ms. Jones, the need to protect the community from further offenses by Ms. Jones and others. I have considered the nature of this offense. I have considered Ms. Jones's previous criminal history. I have considered her age, her education, her employment, her family circumstances. I have looked at the recommendations of the PSI. I have considered the recommendation of the county attorney. I have considered the arguments of defense counsel. And I have considered the victim impact statements. I have looked at whether this is a case where restitution can make the victims whole; it is not.
>
> This is a difficult case to decide because I have one family that has lost their son and will never get them back. I have a child who has lost their father and will never get them back. And I am faced with a decision will I cause another family to lose a mother, at least for a period of time, not so much a daughter. Will I hold someone accountable to the fullest extent required by the law[?] In assessing what I should do in this case, it has been important to me to look at a couple of the factors, I have considered them all, but a couple of them have been more important to me than others.
>
> First of all, has Ms. Jones accepted responsibility? Has she shown remorse? What she has said is she's sorry for the family's loss.
>
> As it regards the accessory after the fact and the conspiracy charges, she has really not shown remorse. And in fact, she has argued she isn't actually responsible as a conspirator.
>
> As it regards the eluding and OWI offenses, there is no victim to whom—to show remorse, although as those of us involved in the system understand in any case where someone is eluding, it's a question of will there be a victim and, if so, who will that be.
>
> I have looked at Ms. Jones's history on supervision, because that, as [the prosecutor] Mr. Maybanks has argued, is the only indicator I have as I sit here right now as to whether she will be successful on supervision to the Department of Correctional Services.
>
> I note going through the Court files which I looked at in depth coming into today, that in addition to the additional offenses, there were allegations in the OWI eluding case of failures to report. She was at one point in that case released to supervision and then did not actually follow through with supervision; that was for a short

period of time before a warrant issued and she was brought back into custody.

I am certain in this case that Ms. Jones has to have been aware when she was facing prosecution for a class "B" felony . . . and a class "C" felony in the robbery case, that her time spent on supervision awaiting trial was going to be viewed by me as an indicator of whether she was a candidate for probation. And what I got was someone who committed an additional felony, one that put the community at risk, thankfully that did not harm members of the community, but one that put the community at risk while they were being watched by me, by the State, by the Department of Correctional Services. I do not view that as a good sign that Ms. Jones is a good candidate for successful probation. Considering the severity of this offense, where we have the ultimate loss of life, considering the lack of remorse and the failure to accept responsibility for that loss of life, considering the indicators that Ms. Jones is not a good candidate for probation, I agree that Ms. Jones should be remanded into custody for these criminal offenses.

We disagree with Jones that the district court considered an impermissible factor: the death of Cordal Lewis.

While Jones was not the shooter, her participation in transporting the individuals involved linked her conduct to the sequence of events culminating in the victim's death. The district court could treat the death as an attendant circumstance of the offense. *See State v. Wilson*, No. 12-1307, 2000 WL 702902, at *2 (Iowa Ct. App. May 31, 2000) (during sentencing the defendant for "serious injury by vehicle by reckless driving," the trial court discussed the fact that one of the passengers died; when rejecting the defendant's impermissible factors argument, the court noted, "It is true the district court mentioned the passenger's death. However, this fact formed part of the circumstances giving rise to the offense for which Wilson was charged").

We also find Jones's argument that the district court placed too much emphasis on the nature of the offense unpersuasive as it considered many factors

including amenability to probation. *State v. Summers*, No. 08-0164, 2008 WL 4531565, at *3 (Iowa Ct. App. Oct. 1, 2008) ("The court did not improperly base its decision only on the nature of the offense, but used it as one, albeit significant, factor it considered.").

Finally, we disagree that the district court did not adequately consider Jones' mitigating circumstances. We do not get the luxury of second guessing such difficult decisions. *See State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020). It is the "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). And the court was not "required to specifically acknowledge each claim of mitigation urged" by Jones. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). As a result, we find no abuse of discretion in the court's sentencing decision.

**AFFIRMED.**